LIGHTNING ROD MUTUAL INSURANCE CO., Appellee,

v.

GRANGE MUTUAL CASUALTY CO. et al., Appellants.

[Cite as *Lightning Rod Mut. Ins. Co. v. Grange Mut.
Cas. Co.*, 168 Ohio App.3d 505, 2006-Ohio-4411.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 05CA0061.

Decided Aug. 28, 2006.

506

Kathryn M. Eyster, for appellant.

Glenna M. Roberts and David M. Matejczyk, for appellee.

CARR, Judge.

{¶ 1} Appellant Grange Mutual Casualty Company ("Grange") appeals the decision of the Wayne County Court of Common Pleas, which awarded summary judgment in favor of appellee, Lightning Rod Mutual Insurance Company ("Lightning Rod"). This court reverses.

I

{¶ 2} On November 23, 2002, William Burkhart was involved in an accident while driving a vehicle owned by Hazel Calendine. At the time of the accident, Burkhart was insured by Lightning Rod, and Calendine was insured by Grange. As a result of the accident, Burkhart sustained injuries and damages that led to his death. The other driver involved in the accident, John P. Shaw, was uninsured.

{¶ 3} Burkhart's estate filed a uninsured-motorist/underinsured-motorist ("UM/UIM") claim with Grange, which was denied. Burkhart's estate then filed a UM/UIM with Lightning Rod. The policy issued to Burkhart by Lighting Rod provided uninsured-motorist coverage on an excess basis when Burkhart was operating a vehicle he did not own. Lightning Rod paid damages on Burkhart's behalf once Grange denied coverage.

{¶ 4} On November 22, 2004, Lighting Rod filed suit against Grange seeking a declaratory judgment setting forth Grange's obligations to provide primary insurance, or in the alternative, pro rata application for the damages allegedly paid by Lightning Rod. On December 27, 2004, Grange filed an answer and a counterclaim seeking a declaratory judgment against Lightning Rod declaring the respective rights and obligations with respect to the insurance policies issued by Lightning Rod and Grange. On February 28, 2005, Grange filed a motion for summary judgment on the basis that the "other insurance" language of both policies did not apply because Burkhart was not an "insured" under the Grange policy. On April 18, 2005, Lightning Rod filed a motion for summary judgment on the basis that appellant qualified as an "insured" under the policy that Grange had issued to Hazel Calendine and, therefore, Grange's policy was primary. The trial court denied Grange's motion for summary judgment and entered judgment in favor of Lightning Rod on Grange's counterclaim and granted Lightning Rod's motion for summary judgment. Grange timely appealed, setting forth one assignment of error for review.

II

### ASSIGNMENT OF ERROR

The trial court erred in denying Grange's motion for summary judgment, erred in granting Lightning Rod's motion for summary judgment, and erred in

holding "... Judgment is entered in favor of plaintiff Lightning Rod Mutual Ins. Co. as against defendant Grange Mutual Casualty Co. on plaintiff's complaint in the amount of fifty thousand and 00/100 dollars ($50,000.00), together with the costs of this action."

{¶ 5} In its sole assignment of error, Grange argues that the trial court erred in denying its motion for summary judgment and in granting summary judgment in favor of Lightning Rod. This court agrees.

{¶ 6} This court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 12, 13 OBR 8, 467 N.E.2d 1378.

{¶ 7} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–93, 662 N.E.2d 264. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the nonmoving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293, 662 N.E.2d 264. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735, 600 N.E.2d 791. Upon review, this court finds that the trial court erred when it failed to grant Grange's motion for summary judgment and granted Lightning Rod's motion for summary judgment.

{¶ 9} In its motion for summary judgment, Grange argued that Burkhart was not an insured under the underinsured-motorist policy it issued to Hazel Calendine. To support its motion, Grange relied on the policy it issued to Hazel Calendine and the affidavit of Hazel Calendine.

{¶ 10} In its motion for summary judgment, Lightning Rod argued that Burkhart qualifies as an "insured" under Part C of the main body of the policy that Grange issued to Hazel Calendine as well as an endorsement titled "Ohio Supplemental Policy Provisions, form 10–182C (10–94)." Lightning Rod also maintained that the language of the Grange policy constituted a "super escape" clause and that the "other insurance" provision of the policy it issued to Burkhart, combined with Grange's "super escape" clause, made its coverage supplemental and Grange's coverage primary. To support its motion, Lightning Rod relied on the policy that Grange issued to Hazel Calendine, including the "Ohio Supplemental Policy Provisions, form 10–182C (10–94)," and the policy that Lightning Rod issued to Burkhart.

{¶ 11} In response to Lightning Rod's motion for summary judgment, Grange presented the affidavit of Kathryn M. Eyster, one of the attorneys representing Grange in the present matter. In her affidavit, Eyster swore to the following events. On January 24, 2005, Grange filed its answer to Lightning Rod's complaint. Attached to Grange's answer was a copy of the policy issued to Hazel Calendine for the period of August 23, 2002, to February 23, 2003. Also attached to Grange's answer was "Ohio Supplemental Policy Provisions, form 10–182C (10–94)." However, "Ohio Supplemental Policy Provisions, form 10–182C (10–94)" was not part of the policy insuring Hazel Calendine for the period of August 23, 2002 to February 23, 2003. On February 7, 2005, Eyster realized that she had mistakenly attached "Ohio Supplemental Policy Provisions, form 10–182C (10–94)" to Grange's answer. To correct the mistake, attorney Eyster prepared an amended answer on behalf of Grange, which was filed on February 8, 2005. Attorney Eyster attached the correct policy issued to Hazel Calendine for the period of August 23, 2002, to February 23, 2002, to Grange's amended answer without the "Ohio Supplemental Policy Provisions, form 10–182C (10–94)." Therefore, for purposes of this appeal, the correct Grange policy is attached as Exhibit A to Grange's amended answer, which was filed on February 8, 2005. Consequently, Lightning Rod's argument regarding the "Ohio Supplemental Policy Provisions, form 10–182C (10–94)" is without merit.

{¶ 12} R.C. 3937.18 mandates uninsured-motorist coverage when "(1) the claimant is an insured under a policy which provides uninsured motorist coverage; (2) the claimant was injured by an uninsured motorist; and (3) the claim is recognized by Ohio tort law." *Holliman v. Allstate Ins. Co.* (1999), 86 Ohio St.3d 414, 715 N.E.2d 532, citing *Martin v. Midwestern Group Ins. Co.* (1994), 70 Ohio St.3d at 481, 639 N.E.2d 438, superseded by statute. See R.C. 3937.18. "[T]he UM motorist provision is intended to protect persons, not specific vehicles, but only 'for persons insured thereunder' and when 'the claimant is an insured.' " (Citations omitted.) *Critelli v. TIG Ins. Co.* (1997), 9th Dist. No.

96CA006638, 123 Ohio App.3d 436, 704 N.E.2d 331. The applicable version of R.C. 3937.18 [1] permits insurers to preclude coverage for bodily injury or death "[w]hen the person actually suffering the bodily injury, sickness, disease, or death is not an insured under the policy." R.C. 3937.18(I)(5); *Holliman,* 86 Ohio St.3d at 417, 715 N.E.2d 532, citing *Wayne Mut. Ins. Co. v. Mills* (1996), 118 Ohio App.3d 146, 154, 692 N.E.2d 213. "Nothing in R.C. 3937.18 * * * prohibits the parties to an insurance contract from defining who is an insured person under the policy." Id. at 416–417, 715 N.E.2d 532. Part C of the Grange policy defines an "insured" as follows:

1. You or any family member.

2. Any family member who does not own a motor vehicle.

3. Any other person while occupying your covered auto with a reasonable belief that that person is entitled to do so, if that person is not insured for Uninsured Motorists Coverage under another policy.

(Emphasis omitted.)

{¶ 13} It is undisputed that Burkhart is not the policyholder under the Grange policy and that he is not a family member of the insured, Helen Calendine. Therefore, this court will focus on whether Burkhart meets the third definition of an insured. Under the third definition of an insured, Burkhart qualifies as "any other person while occupying [the policy owner's] covered auto with a reasonable belief that that person is entitled to do so." However, Burkhart was insured for UM/UIM coverage under the Lightning Rod policy, so he is not an insured under the Grange policy.

{¶ 14} In this case, Grange exercised its ability to define who is an insured under the policy it issued to Helen Calendine to exclude from that definition passengers who are insured under other policies. It is undisputed that Burkhart was covered under the Lightning Rod policy.

{¶ 15} Lightning Rod's argument regarding the "super escape" clause in Grange's policy and the "other insurance" provision in its policy lacks merit. The cases cited by Lightning Rod to support its argument are all distinguishable. In each of the cases, two insurance companies were arguing over which insurance policy was primary and which insurance policy was excess. In doing so, the insurance companies pointed to the "other insurance" provisions of their policies.

---

1. For the purpose of determining the scope of coverage of an underinsured-motorist claim, the statutory law in effect at the time the parties entered into a contract for insurance controls the contractual rights and responsibility of the parties. *Ross v. Farmers Ins. Group of Cos.* (1998), 82 Ohio St.3d 281, 695 N.E.2d 732, syllabus. Because Calendine and Grange entered into the insurance policy on or about July 24, 2002, R.C. 3937.18 as amended by Am.Sub.S.B. No. 97, effective October 31, 2001, is the version of R.C. 3937.18 that governs the policy. See 149 Ohio Laws Part I, 779.

In each case, the court held that the policy containing the "escape clause" in the "other insurance" provision was primary, and the policy containing the "excess clause" in the "other insurance" provision was excess. However, in the present case, Grange's so-called "escape clause" is in the definition of "Who is An Insured," not in the "other insurance" provision.

{¶ 16} Generally, insurance policies contain "other insurance" provisions that attempt to either vitiate or limit an insurer's liability for covering an insured's loss when another insurance policy also covers the insured. "An 'escape clause' declares that the insurer is not liable to cover an *insured* if there is other valid and collectible insurance covering the risk." (Emphasis added.) *Mitchell v. Motorists Mut. Ins. Co.*, 10th Dist. No. 04AP–589, 2005-Ohio-3988, 2005 WL 1840020, at ¶ 25, citing 15 Couch, Insurance (3d Ed.2004), Section 219:36. "An 'excess clause' contained in an 'other insurance' provision purports to make an otherwise primary policy excess insurance should another primary policy cover the loss." *Mitchell* at ¶ 25, citing 15 Couch, Section 219:33. As stated above, Burkhart was not an insured under the Grange policy. Thus, the "other insurance" language in the Lightning Rod policy was never triggered by the existence of other UM/UIM coverage, and the Lightning Rod policy never converted to excess insurance. Because Burkhart was never entitled to UM/UIM coverage under the Grange policy, Lightning Rod remained the primary insurer for Burkhart's loss. Therefore, this court holds that the trial court improperly denied Grange's motion for summary judgment and granted summary judgment in favor of Lightning Rod. Accordingly, appellant's assignment of error is sustained.

### III

{¶ 17} Grange's assignment of error is sustained. The judgment of the Wayne County Court of Common Pleas is reversed, and the matter is remanded to the trial court with instructions to enter judgment in favor of Grange.

Judgment reversed
and cause remanded.

SLABY, P.J., and MOORE, J., concur.