DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Grange Mutual Casualty Co. ("Grange") appeals from a decision by the Lucas County Court of Common Pleas granting summary judgment in favor of *Page 2 
appellees, Michael Engler and Citizens Ins. Co. ("Citizens"). For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} This case arises out of a two-car automobile accident that occurred on August 24, 2003, in Lucas County, Ohio. The accident involved vehicles operated by Scott Sonnenberg and Scott Stafford. Scott Sonnenberg was driving a sport utility vehicle owned by his mother, Jean Sonnenberg. Appellee, Michael Engler, was a passenger in the Sonnenberg vehicle. It is undisputed that the accident was caused by the negligence of Stafford, and that Stafford was an uninsured motorist.
 {¶ 3} The Sonnenberg vehicle was insured under a policy issued by Grange to Jean and Leroy Sonnenberg. The Grange policy contained uninsured/underinsured motorist coverage that provided in pertinent part:
 {¶ 4} "A. We will pay damages which an insured is legally entitled to recover from an owner or operator of an uninsured motor vehicle because of:
 {¶ 5} "1. Bodily injury suffered by the insured and caused by an accident. * * *"
 {¶ 6} The Grange policy goes on to define an "insured" for purposes of uninsured/underinsured motorist coverage as:
 {¶ 7} " 1. You or any other family member;
 {¶ 8} "2. Any family member who does not own a motor vehicle;
 {¶ 9} "3. Any other person while occupying your covered auto with a reasonable belief that that person is entitled to do so, if that person is not insured for Uninsured Motorist Coverage under another policy." *Page 3 
 {¶ 10} At the time of the accident, Engler, who was a minor, was insured under a policy issued by Citizens to his parents, John and Christine Engler. The Citizens policy provided uninsured motorist coverage to the Englers. Specifically, the policy states:
 {¶ 11} "A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of:
 {¶ 12} "1. An `uninsured' as defined in section 1. 2. and 4. of the definition of an `uninsured motor vehicle' because of `bodily injury':
 {¶ 13} "1. Sustained by an `insured'; and
 {¶ 14} "2. Caused by an accident."
 {¶ 15} The Citizens policy defines an "insured" for purposes of uninsured motorist coverage as:
 {¶ 16} "1. You or any `family member'.
 {¶ 17} "2. Any other person `occupying' `your covered auto'.
 {¶ 18} "3. Any person for damages that person is entitled to recover because of `bodily injury' to which this coverage applies sustained by a person described in 1. or 2."
 {¶ 19} The Citizens policy definition of "uninsured motor vehicle" includes any motor vehicle "to which no bodily injury liability bond or policy applies at the time of the accident."
 {¶ 20} Finally, the Citizens policy contains an "other insurance" clause which pertinently provides: *Page 4 
 {¶ 21} "If there is other applicable insurance available under one or more policies or provisions coverage:
 {¶ 22} "* * *
 {¶ 23} "B. Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis."
 {¶ 24} It is undisputed that Engler qualified as an "insured" under the Citizens uninsured motorist coverage. At the time of the accident, he was a minor and living with his parents, which qualified him as a "family member" as defined by the policy. It is also undisputed that Stafford was the operator of an "uninsured motor vehicle" as defined by the Citizens policy.
 {¶ 25} After the accident, Citizens settled Engler's uninsured motorist claim and requested contribution from Grange. Grange denied the claim, contending that Engler was not an "insured" under its policy.
 {¶ 26} On August 24, 2005, Engler and Citizens filed the instant lawsuit, naming Grange, the Sonnenbergs, and Stafford as defendants. Included in the complaint was a claim against Grange for uninsured motorist coverage.
 {¶ 27} Grange and Citizens filed cross-motions for summary judgment concerning the issue of whether Engler was entitled to uninsured motorist coverage under the Grange policy. In addition, Citizens and Engler filed a motion for default judgment against Stafford. *Page 5 
 {¶ 28} Ultimately, the trial court granted appellees' motion for summary judgment and determined that Grange was obligated to provide uninsured motorist coverage to Engler. The trial court also granted appellees' motion for default judgment against Stafford. Grange's motion for summary judgment was denied.
 {¶ 29} Grange timely appealed the trial court's judgment, raising the following assignments of error:
 {¶ 30} I. "THE TRIAL COURT ERRED IN DETERMINING THAT APPELLANT GRANGE WAS OBLIGATED TO PROVIDE UNINSURED MOTORIST COVERAGE TO APPELLEE, MICHAEL ENGLER AND HIS ASSIGNEE/SUBROGEE, APPELLEE, CITIZENS INSURANCE COMPANY."
 {¶ 31} II. "THE TRIAL COURT ERRED IN DENYING APPELLANT GRANGE'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 32} As appellant's two assignments of error both challenge the trial court's conclusion that Engler was entitled to recover under the Grange policy, we will address them together herein.
 {¶ 33} An appellate court reviewing a trial court's granting of summary judgment does so de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Civ. R. 56(C) provides:
 {¶ 34} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that *Page 6 
there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as considered in this rule. * * *"
 {¶ 35} Summary judgment is proper where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when the evidence is viewed most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, a conclusion adverse to the nonmoving party.Ryberg v. Allstate Ins. Co. (July 12, 2001), 10th Dist. No. 00AP-1243, citing Tokles Son, Inc. v. Midwestern Indemnity Co. (1992),65 Ohio St.3d 621, 629.
 {¶ 36} The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to an essential element of one or more of the non-moving party's claims.Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once this burden has been satisfied, the non-moving party has the burden, as set forth at Civ. R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
 {¶ 37} Grange argues that Engler is not entitled to uninsured motorist benefits from Grange because he was not an "insured" for purposes of uninsured motorist coverage under the Sonnenbergs' Grange policy.
 {¶ 38} As indicated above, Grange's definition of an "insured" for purposes of uninsured motorist coverage is as follows:
 {¶ 39} " 1. You or any other family member; *Page 7 
 {¶ 40} "2. Any family member who does not own a motor vehicle;
 {¶ 41} "3. Any other person while occupying your covered auto with a reasonable belief that that person is entitled to do so, if that person is not insured for Uninsured Motorist Coverage under another policy."
 {¶ 42} Thus, the Grange policy excludes from the definition of an "insured" any person — other than the named insured or "family members" — occupying a covered auto who is insured for uninsured motorist coverage under another policy. It is undisputed that Engler was not a named insured under the Grange policy or a "family member" of the named insureds. It is also undisputed that Engler, although a permissive occupant of the Sonnenbergs' vehicle, was insured for uninsured motorist coverage by Citizens under the auto policy issued to his parents. Based upon these undisputed facts, Engler failed to qualify as an "insured" under any of the three criteria listed under Grange's definition of that term. Grange argues that because Engler was not an "insured" he was not entitled to uninsured motorist coverage from Grange.
 {¶ 43} Both statutory law, as set forth at R.C. 3937.18, and recent case law support Grange's position. R.C. 3937.18 mandates uninsured motorist coverage where: `"1) the claimant is an insured under a policy which provides uninsured motorist coverage; (2) the claimant was injured by an uninsured motorist; and (3) the claim is recognized by Ohio tort law.'" Holliman v. Allstate Ins. Co. (1999), 86 Ohio St.3d 414, 416, quoting Martin v. Midwestern Group Ins. Co. (1994), 70 Ohio St.3d 478, at 481. The applicable version of R.C. 3937.18 allows insurers to deny coverage for bodily injury or death "[w]hen the *Page 8 
person actually suffering the bodily injury, sickness, disease, or death is not an insured under the policy." R.C. 3937.18(I)(5). In addition, "[n]othing in R.C. 3937.18 * * * prohibits the parties to an insurance contract from defining who is an insured person under the policy."Holliman, at 416-417; see, also, Lightning Rod Mut. Ins. Co. v. GrangeMut. Ins. Co., 168 Ohio App.3d 505, 2006-Ohio-4411, ¶ 12; Safeco Ins.Co. of Illinois v. Motorists Mut. Ins. Co., 8th Dist. No. 86124,2006-Ohio-2063, ¶ 13; Mitchell v. Motorists Mut. Ins. Co., 10th Dist. No. 04AP-589, 2005-Ohio-3988, ¶ 21 ("[A]s R.C. 3937.18 does not mandate who must be an insured for purposes of underinsured motorist coverage, the parties to an insurance policy are free to draft their own restrictions regarding who is and is not an insured.").
 {¶ 44} Here, Grange exercised its power to define the term "insured" under the subject policy, specifically excluding from its definition passengers insured under other policies. This was a proper exercise of its power. See, also, Lightning Rod, supra (where the court, in a factually analogous case, found the insurer's definition of "insured" to be valid and enforceable); Safeco, supra, (holding that "[t]here is nothing that would prohibit [a] person from excluding as an insured any passengers in his vehicle who have their own policies of insurance containing UM/UIM coverage.")
 {¶ 45} Appellees, relying upon State Farm Mut. Auto. Ins. Co. v. HomeIndemn. Ins. Co. (1970), 23 Ohio St.2d 45, attempt to avoid this conclusion by arguing that the Grange policy's definition of an "insured" amounts to an "escape clause" which, when coupled with the excess clause set forth in the "other insurance" provision of the Citizens *Page 9 
policy, is invalid and unenforceable. "An `escape clause' declares that the insurer is not liable to cover an insured if there is other valid and collectible insurance covering the risk." Mitchell, supra, at ¶ 25. "An `excess clause' contained in an `other insurance' provision purports to make an otherwise primary policy excess insurance should another primary policy cover the loss." Id. State Farm, supra, involved an injured insured who was entitled to liability coverage under two different policies. One of those policies contained an escape clause, and the other contained an excess clause. If the court had given both clauses full effect, the injured insured would not have been covered by either, because one insurer would have avoided covering the loss due to the existence of other collectible insurance, and the other insurer would have avoided covering the loss because the existence of the other collectible insurance would have limited its coverage to excess insurance alone. The court resolved the problem as follows:
 {¶ 46} "Where an insurance policy insures a loss `only if no other valid and collectible automobile liability insurance, either primary or excess * * * is available,' and another insurance policy insures the same loss only as to the `excess over other collectible insurance," the latter provision will be given effect; thus the former policy will be held to furnish the insurance for the loss." Id., at syllabus.
 {¶ 47} Here, appellees argue that Grange's definition of "insured" amounts to an escape clause because it excuses Grange from providing coverage to Engler on the grounds that he is an insured under another policy. Further, appellees point out that the alternative policy, the Citizens policy, contains an excess clause. On the basis of these *Page 10 
facts, appellees conclude that Grange, in accordance with StateFarm, was properly ordered to provide coverage to Engler.
 {¶ 48} Unfortunately for appellees, State Farm does not apply to the facts at hand. Unlike the injured insured in State Farm, who was insured under both of the subject policies, Engler was an insured under only one policy in this case — the Citizens policy. And, unlike the injured insured in State Farm, Engler was never the subject of an escape clause.
 {¶ 49} Here, the situation is simply this: Because Engler was not an "insured" under the Grange policy, he was not entitled to uninsured/underinsured motorist coverage under that policy, and the "other insurance" language of the Citizens policy was never triggered. As a result, the Citizens coverage never converted from primary to excess insurance. Citizens, per the terms of its own policy, remained the primary insurer for Engler's loss. See Lightning Rod, supra, andMitchell, supra.
 {¶ 50} Appellees next argue that, irrespective of State Farm's
applicability herein, the judgment of the trial court should be affirmed on the alternative ground that the Grange policy definition of "insured" is ambiguous and, thus, is unenforceable.
 {¶ 51} "`Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured.'"Clark v. Scarpelli (2001), 91 Ohio St.3d 271, 282, quoting King v.Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, syllabus. But where the language of an insurance policy is unambiguous, a court must enforce the policy as *Page 11 
written, giving the words used the contract their plain and ordinary meaning. Cincinnati Indem. Co. v. Martin (1999), 85 Ohio St.3d 604, 607.
 {¶ 52} Once again, we note that the Grange policy definition of who is an "insured" for purposes of uninsured/underinsured motorist coverage includes "[a]ny * * * person while occupying your covered auto with a reasonable belief that that person is entitled to do so, if that person is not insured for Uninsured Motorist Coverage under another policy."
 {¶ 53} Appellees argue that this provision is ambiguous because it does not indicate the type of uninsured motorist coverage that would disqualify an individual from being an insured under the policy — that is, it does not specify whether the term "uninsured motorist coverage" is meant to encompass both primary and excess insurance, or is meant to include just primary insurance, alone.
 {¶ 54} Here, we find that the unqualified use of the term "uninsured motorist coverage" is unambiguous and reasonably encompasses both primary and excess insurance. Thus, under the clear terms of the policy, if a person is insured for any uninsured motorist coverage under another policy — whether excess or primary — he or she is not an "insured" under the Grange policy.
 {¶ 55} Appellees additionally argue that there is a conflict between Grange's definition of an "insured" for purposes of uninsured motorist coverage and Grange's "other insurance clause."
 {¶ 56} The Grange "other insurance" clause provides: *Page 12 
 {¶ 57} "If there is other applicable insurance we will pay onlyour share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. The insurance provided by this policy with respect to a person driving your coveredauto or a non-owned auto with permission shall be excess over any other collectible bond or collectible liability insurance."
 {¶ 58} Appellees suggest that in light of the Grange policy definition of "insured," the "other insurance" clause's creation of excess coverage would never apply, and, thus, the two clauses conflict, creating ambiguity.
 {¶ 59} We disagree with this suggestion. The "other insurance" clause clearly applies only to those who are insured under the Grange policy. As discussed above, Engler was not an insured under the Grange policy. Therefore, the Grange policy's "other insurance" clause was never triggered, and Grange never became liable to pay any share. On the other hand, when the "other insurance" provision is applied to an "insured", as defined in the policy, the two clauses do not conflict and, thus, the entire policy is enforceable. See Mitchell, supra, ¶ 18.
 {¶ 60} For all of the foregoing reasons, we hold that the trial court erred in denying Grange's motion for summary judgment and in granting summary judgment in favor of Citizens and Engler. Appellant's first and second assignments of error are both found well-taken.
 {¶ 61} The judgment of the Lucas County Court of Common Pleas is reversed, and the case is remanded for further proceedings consistent with this decision. Appellees are *Page 13 
ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
 Handwork, J., Pietrykowski, P.J., Skow, J. Concur. *Page 1