OPINION
{¶ 1} Defendant-appellant Grange Mutual Casualty Co. ("Grange") brings this appeal from the judgment of the Court of Common Pleas of Allen County granting declaratory judgment to plaintiff-appellee Amanda S. Watkins ("Watkins").
 {¶ 2} On October 15, 2003, Watkins was riding as a passenger in a vehicle driven by Eric Hoffman ("Hoffman"). Watkins was severely injured when a vehicle driven by Gregory Bowersock ("Bowersock") crossed the centerline and struck Hoffman's vehicle. At the time of the accident, Hoffman's vehicle was covered under a policy issued by Grange. Watkins was an insured under her parent's automobile policy provided by intervenor-appellee American Family Insurance Group ("AFI"). Watkins eventually settled with Bowersock for policy *Page 3 
limits of $100,000. This amount was the amount of underinsured motorists coverage available to Watkins through AFI and therefore precluded recovery from AFI. However, the policy issued by Grange for the Hoffman's had a policy limit of $250,000. The Grange policy defined the term insured for those requesting uninsured or underinsured motorists coverage as "[a]ny other person while occupying your covered auto with a reasonable belief that that person is entitled to do so, if that person is not insured for Uninsured Motorist Coverage under another policy." Policy, C-1. Pursuant to this definition, Watkins requested underinsured coverage and was denied.
 {¶ 3} On April 6, 2005, Watkins filed a complaint for declaratory judgment seeking a determination that she was entitled to underinsured motorists coverage under the Grange policy. Grange filed its answer on May 18, 2005. On March 14, 2006, Grange filed its motion for summary judgment requesting that the trial court determine that Watkins was not entitled to coverage under the Grange policy. Watkins filed her response to the motion on May 1, 2006. AFI filed its motion for summary judgment on September 5, 2006. On September 27, 2006, the trial court denied Grange's motion for summary judgment and entered a declaration of rights finding Watkins was entitled to underinsured motorists coverage under the Grange policy. Grange appeals from this judgment and raises the following assignments of error. *Page 4 
 The trial court erred in determining that [Grange] was obligated to provide uninsured/underinsured motorist coverage to [Watkins].
 The trial court erred in denying [Grange's] motion for summary judgment.
 {¶ 4} In the second assignment of error, Grange claims that the trial court erred in denying its motion for summary judgment. Grange acknowledges in its brief that the denial of the request for summary judgment did not resolve all issues in the case. Grange claims that merely because the trial court indicated that there was no just reason for delay makes the denial a final appealable order. This is not the case.
 An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy. *Page 5 
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 (5) An order that determines that an action may or may not be maintained as a class action.
 (6) An order determining the constitutionality of any changes to the Revised Code * * *.
R.C. 2505.02(B). An order denying a motion for summary judgment is not a final appealable order. State ex rel. Overmeyer v. Walinski (1966), 8 Ohio St.2d 23, 222 N.E.2d 312. Since the denial of the motion for summary judgment is not a final appealable order, this court will not address the second assignment of error.
 {¶ 5} Unlike a denial of a motion for summary judgment, the granting of declaratory judgment is a final appealable order. A declaratory judgment is a special proceeding pursuant to R.C. 2505.02 and an order entered therein which affects a substantial right is a final appealable order. General Acc. Ins. Co. v. Insurance Co. of North America (1989),44 Ohio St.3d 17, 540 N.E.2d 266. In this case the trial court entered a declaration of rights that Watkins was entitled to coverage under the Grange policy. Thus, a declaratory judgment was entered and the first assignment of error is properly before us.
 {¶ 6} Grange's argument is that Watkins is not an insured under the Grange policy because she is an insured under the AFI policy. Watkins claims that she is not insured under the AFI policy because she was not entitled to any *Page 6 
recovery. The sole issue before the trial court is what the term "insured" means and if that definition is the same as "an insured." Clearly, Watkins is "an insured" party under the AFI policy. However, Watkins has no right to recovery because the limits of the coverage were met by the settlement from Bowersock's insurance company. The trial court determined that since Watkins had no right of recovery, she is not "insured" by AFI. Underinsurance motorists coverage is available so that one injured by a tortfeasor with extremely low liability coverage would receive at least the same amount of compensation available to that same covered party if injured by a tortfeasor with no liability coverage.Mitchell v. Motorists Mutual Ins. Co., 10th Dist. No. 04AP-589, 2005-Ohio-3988, ¶ 20. However, there is no policy consideration that guarantees an injured party is entitled to underinsured motorists coverage when the party is not an "insured" as defined by the policy. Id. at ¶ 21. Insurance companies are permitted to define who is an insured under the policy. Shepard v. Scott, 3rd Dist. No. 5-02-22, 2002-Ohio-4417, ¶ 19.
 {¶ 7} The very provision in dispute here was reviewed by the Ninth Appellate District in Lightning Rod Mutual Ins. Co. v. Grange MutualCasualty Co. et al, 168 Ohio App.3d 505, 2006-Ohio-4411,860 N.E.2d 1049. In Lightning Rod, William Burkhart was driving a car insured by Grange, though he was insured by Lightning Rod. He was involved in an accident that led to his death. *Page 7 
The tortfeasor was uninsured. Burkhart's estate filed an uninsured motorists claim with Grange which was denied. The policy provided uninsured motorists coverage for "any other person while occupying [the] covered auto with a reasonable belief that that person is entitled to do so, if that person is not insured for Uninsured Motorists Coverage under another policy." Id. at ¶ 12. The appellate court held that since Burkhart was insured for uninsured motorists coverage by Lightning Rod, Burkhart was not an insured under the Grange policy. Id. at ¶ 13.
 {¶ 8} The language in the Grange policy in Lightning Rod is identical to that found here. Like Burkhart, Watkins was provided underinsured motorists coverage by another insurer. The fact that Bowersock's coverage was equal to the policy limits contracted between AFI and Watkins does not change her status to uninsured. Watkins still has underinsured motorists coverage even though the policy limits have been completely offset by the recovery from Bowersock. Although the Grange policy does provide coverage for non-family members occupying the vehicle who have no uninsured or underinsured motorists coverage of their own, it does exclude coverage for those with alternate coverage. Thus, Watkins is not an insured under the Grange policy. For this reason, the trial court erred in declaring the right to coverage and the first assignment of error is sustained. *Page 8 
 {¶ 9} The judgment of the Court of Common Pleas of Allen County is reversed and the matter remanded for further proceedings.
Judgment Reversed and Cause Remanded
 ROGERS, P.J. and SHAW, J. concur. *Page 1