OPINION
{¶ 1} Plaintiffs-appellants, James and Martha Ashcraft ("Mr. and Mrs. Ashcraft"), appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Grange Mutual Casualty Company ("Grange"). For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} The facts giving rise to this action are not in dispute. On November 11, 2005, an automobile collision occurred in Coshocton County involving Danny Paynter, Leonard Pittenger, and appellant Mr. Ashcraft. Mr. Ashcraft was a passenger in a vehicle *Page 2 
operated by Mr. Paynter, when Mr. Paynter's vehicle was struck head-on by Mr. Pittenger's vehicle, which had drifted left-of-center.
 {¶ 3} Mr. Pittenger was insured by Progressive Insurance ("Progressive"), and his policy provided liability coverage limits of $12,500 per person and $25,000 per occurrence. Mr. Ashcraft was an insured under a Personal Service Insurance Co. ("Personal Service") policy issued to his wife, Mrs. Ashcraft, with liability and Uninsured/Underinsured motorist ("UM/UIM") coverage limits of $12,500 per person and $25,000 per occurrence. Mr. Paynter was insured under a Grange personal auto policy with liability and UM/UIM coverage limits of $100,000 per person and $300,000 per accident.
 {¶ 4} On November 14, 2006, Mr. and Mrs. Ashcraft filed a complaint against Mr. Pittenger and Grange, alleging that Mr. Pittenger's negligence caused the collision and that Mr. Ashcraft was entitled to underinsured motorist coverage under the Grange policy. Subsequently, Progressive, on Mr. Pittenger's behalf, paid the policy limit, $12,500, to Mr. Ashcraft, and Mr. Pittenger was dismissed as a party to the lawsuit. Grange moved for summary judgment in March 2007, arguing that Mr. Ashcraft was not entitled to UM/UIM coverage under the Grange policy. On October 23, 2007, the trial court granted Grange's motion for summary judgment. In its decision, the trial court resolved that Mr. Ashcraft does not fall within the definition of an "insured" for purposes of determining UM/UIM coverage under the Grange policy.
 {¶ 5} Appellants appeal and set forth the following single assignment of error for our review: *Page 3 
 The trial court erred in its decision and entry of October 19, 2007 in which it granted Defendant's Motion for Summary Judgment, and declared that Plaintiff-Appellant James Ashcraft is not entitled to underinsured motorist benefits under a Grange Mutual Casualty Company policy.
 {¶ 6} Appellants argue that the trial court erred in granting summary judgment in favor of appellee. Appellate review of a trial court's granting of summary judgment is de novo. Mitnaul v. FairmountPresbyterian Church, 149 Ohio App.3d 769, 2002-Ohio-5833, at ¶ 27. Summary judgment is proper when a movant for summary judgment demonstrates that: (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd.
(1997), 78 Ohio St.3d 181, 183. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 7} The central issue in this case is whether Mr. Ashcraft is entitled to UM/UIM coverage under the Grange policy. "The interpretation of an insurance policy is a question of law that an appellate court reviews de novo, without deference to the trial court." Blair v.Cincinnati Ins. Co., 163 Ohio App.3d 81, 2005-Ohio-4323, at ¶ 8, citingNationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108. When the language of an insurance policy is clear and unambiguous, the policy must be enforced as written, with the words given their plain and ordinary meaning. Cincinnati Indemn. Co. v.Martin (1999), 85 Ohio St.3d 604, 607, citing Hybud Equip. Corp. v. *Page 4 Sphere Drake Ins. Co., Ltd. (1992), 64 Ohio St.3d 657, 665. However, "`[w]here provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured.'"Clark v. Scarpelli (2001), 91 Ohio St.3d 271, 282, quoting King v.Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, syllabus.
 {¶ 8} Mr. Ashcraft argues that he was insured under the Grange policy for purposes of UM/UIM coverage. The applicable part of the Grange policy concerning UM/UIM coverage states:
 B. "Insured" as used in this Part means:
 1. You or any family member.
 2. Any family member who does not own a motor vehicle.
 3.Any other person while occupying your covered auto with a reasonable belief that that person is entitled to do so, if that person is not insured for Uninsured Motorists Coverage under another policy.
(Emphasis sic.) The same coverage part provides that the term "uninsured motorists coverage" includes "underinsured motorists coverage."
 {¶ 9} It is undisputed that Mr. Ashcraft did not fall within the definition of "you" or "family member" under the provision of the Grange policy that is set forth above. However, it is disputed whether Mr. Ashcraft qualified as an "insured" under the third subsection of that definition provision. Specifically, although the parties do not dispute whether Mr. Ashcraft was occupying a covered auto with permission, they do dispute whether Mr. Ashcraft was "not insured for Uninsured Motorists Coverage under another policy." *Page 5 
 {¶ 10} Grange maintains that Mr. Ashcraft was insured for UM/UIM coverage under another policy, i.e., the Personal Service policy and, therefore, was not insured for UM/UIM coverage under its policy. Appellants argue that Mr. Ashcraft was not insured under the Personal Service policy for purposes of UM/UIM coverage under the Grange policy.
 {¶ 11} According to Mr. Ashcraft's responses to Grange's interrogatories, he "was an insured under" the Personal Service policy. However, appellants contend that the "plain language of the Grange contract excludes persons who are `insured,' not those who are `an insured' under another policy." (Appellants' brief, at 4.) By this argument, appellants seek to create a distinction between a person who is "insured" versus one who is "an insured." Essentially, appellants contend that, while Mr. Ashcraft may have been "an insured" under the Personal Service policy, he was "not insured for" UM/UIM coverage under a policy other than the Grange policy. In appellants' view, this distinction is dispositive in this matter. In connection with this argument, appellants contend that if the other carrier pays nothing to compensate an insured for his or her loss, then it does not provide UM/UIM coverage.
 {¶ 12} The Personal Service policy provided protection for Mr. Ashcraft against loss due to an uninsured or underinsured motorist. Under the plain language of the Personal Service policy, appellants were each an "insured person" for purposes of UM/UIM coverage. Additionally, the Personal Service policy provides that the amount payable to an insured person by Personal Service will be reduced by the amount paid or payable to the insured person by the tortfeasor. Here, Progressive, on the tortfeasor's behalf, paid $12,500 to Mr. Ashcraft, which was the limit of the tortfeasor's per person *Page 6 
liability coverage. The Personal Service policy provided UM/UIM coverage limits of $12,500 per person and $25,000 per occurrence. Thus, after applying the set-off language, no money was payable to Mr. Ashcraft under the UM/UIM provisions of the Personal Service policy. In other words, Mr. Ashcraft was not entitled to any funds under the Personal Service policy because the policy has a UM/UIM coverage limit of $12,500 per person, and the amount payable under the policy was reduced by the amount paid by persons who are or may be legally responsible for the damages.
 {¶ 13} As noted by appellant, the pertinent facts in Watkins v. GrangeMut. Casualty Co., Allen App. No. 1-06-95, 2007-Ohio-4366, were the same as found in this case. In Watkins, the Third District Court of Appeals, citing Lightning Rod Mut. Ins. Co. v. Grange Mut. Casualty Co.,168 Ohio App.3d 505, 2006-Ohio-4411 ("Lightning Rod"), determined that the plaintiff was not an insured under the Grange policy. According to appellants, the Watkins court improperly applied Lightning Rod to the facts because the "other" insurance carrier "was actually responsible to pay UIM benefits" in the Lightning Rod case. (Appellants' brief, at 5.) Under appellants' reasoning, when they filed their complaint, the Personal Service policy provided UM/UIM coverage, but once the tortfeasor's insurance carrier paid $12,500 to Mr. Ashcraft, he was no longer insured for UM/UIM coverage under the Personal Service policy. Contrary to appellant's reasoning, we agree with the Watkins court to the extent it determined that the fact that the tortfeasor's liability coverage was equal to the policy limits of the plaintiff's insurance carrier does not change his or her status to uninsured under that carrier's policy. See id. at ¶ 8. Thus, we find no persuasive reason to deviate from the result reached by the Watkins court. *Page 7 
 {¶ 14} Appellants argue that, even if Mr. Ashcraft is not an insured under the Grange policy, for purposes of UM/UIM coverage, by virtue of the language excluding passengers insured for UM/UIM coverage under another policy, the Grange policy must provide primary coverage for the loss. Appellants assert that the language in the Grange policy concerning who is an "insured" for UM/UIM coverage purposes amounts to an "escape" clause. Appellants further assert that if the Personal Service policy triggers the "escape" clause in the Grange policy, then that clause must be considered in relationship with the "excess" clause in the Personal Service policy. According to appellants, if both clauses are applicable, then only the Personal Service policy clause will be given effect, thereby rendering Grange as the primary insurer. Appellants cite State Farm Mut. Auto. Ins. Co. v. Home Indemn. Ins.Co. (1970), 23 Ohio St.2d 45, in support of their position.
 {¶ 15} In State Farm, the Supreme Court of Ohio held in the syllabus, as follows:
 Where an insurance policy insures a loss "only if no other valid and collectible automobile liability insurance, either primary or excess * * * is available," and another insurance policy insures the same loss only as to the "excess over other collectible insurance," the latter provision will be given effect; thus, the former policy will be held to furnish the insurance for the loss.
 {¶ 16} Recently, in Mitchell v. Motorists Mut. Ins. Co., Franklin App. No. 04AP-589, 2005-Ohio-3988, this court explained "other insurance" provisions "that attempt to either vitiate or limit an insurer's liability for covering an insured's loss when another insurance policy also covers the insured." Id. at ¶ 25. "An `escape clause' declares that the insurer is not liable to cover an insured if there is other valid and collectible insurance covering the risk." Id., citing 15 Couch, Insurance (3 Ed.2004), Section 219:36. "An `excess *Page 8 
clause' contained in an `other insurance' provision purports to make an otherwise primary policy excess insurance should another primary policy cover the loss." Id.
 {¶ 17} In Mitchell, this court found as unpersuasive an argument that a policy, defining an "insured" to include a passenger "who is not a named insured or an insured family member for uninsured motorist coverage under another policy," amounted to an "escape clause." See id. at ¶ 24-28. Furthermore, two other courts, addressing the same Grange policy language involved here, determined that the definition language did not amount to an escape clause. See Engler v. Stafford, Lucas App. No. L-06-1257, 2007-Ohio-2256; Lighting Rod Mut. Ins., supra. Therefore, we find that the definition language in the Grange policy in this case, concerning who is an insured for purposes of UM/UIM coverage, does not amount to an escape clause. Because Mr. Ashcraft is not entitled to UM/UIM coverage under the Grange policy, the "other insurance" provision in the Personal Service policy was not implicated. SeeMitchell, at ¶ 28.
 {¶ 18} Based on the foregoing, we resolve that Mr. Ashcraft was not insured for UM/UIM coverage under the Grange policy. Accordingly, we conclude that the trial court properly granted summary judgment in favor of Grange. Having overruled appellants' single assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 SADLER and T. BRYANT, JJ., concur. T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1