[Cite as *Ramsey v. State Farm Mut. Auto. Ins. Co.*, 2016-Ohio-5871.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| TONYA RAMSEY, ADMINISTRATOR | : | |
| | : | |
| Plaintiff-Appellant | : | C.A. CASE NO.   27050 |
| | : | |
| v. | : | T.C. NO. 14CV6617 |
| | : | |
| STATE FARM MUTUAL | : | (Civil Appeal from |
| AUTOMOBILE INSURANCE CO., et | : |  Common Pleas Court) |
| al. | : | |
| | : | |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___16th___ day of _____September_____, 2016.

. . . . . . . . . .

CHRISTOPHER VAN BLARGAN, Atty. Reg. No. 0066077 and KRISTEN M. LEWIS, Atty. Reg. No. 0078026, 3412 W. Market Street, Akron, Ohio 44333
        Attorneys for Plaintiff-Appellant

KEVIN C. CONNELL, Atty. Reg. No.0063817, Fifth Third Center, 1 S. Main Street, Suite 1800, Dayton, Ohio 45402
        Attorney for Defendant-Appellee State Farm Mutual Automobile Insurance Company

STEVEN O. DEAN, Atty. Reg. No. 0009095, 130 W. Second Street, Suite 1500, Dayton, Ohio 45402
        Attorney for Defendant-Appellee Gary Lowe

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Tonya Ramsey, as administrator of the estate of Rhonda L. Boyer, appeals from a judgment of the Montgomery County Court of Common Pleas, which denied Ramsey's motion for summary judgment against State Farm Mutual Automobile Insurance Company ("State Farm") and granted State Farm's motion for summary judgment on Ramsey's claim for uninsured/underinsured motorist coverage. The trial court certified the judgment as immediately appealable under Civ.R. 54(B). For the following reasons, the trial court's judgment will be affirmed.

## I. Background and Procedural History

{¶ 2} The underlying facts are not disputed. On August 16, 2014, Rhonda Boyer was a passenger on a motorcycle operated by Gary Lowe, when the motorcycle was struck by a vehicle driven by Jeremy Hawks. Boyer died as a result of the injuries she sustained in the collision.

{¶ 3} At the time of the collision, Hawks was insured under an automobile policy issued by Progressive Insurance Company, with a liability limit of $25,000 per person per accident. Lowe had a motorcycle policy with State Farm, which included underinsured motorist (UIM) coverage in the amount of $100,000 per person. Boyer was an insured under two separate policies: (1) a policy issued by Safe Auto to Boyer, which included UIM coverage in the amount of $12,500 per person, and (2) a policy issued by Progressive to Boyer's daughter, Tonya Ramsey, who lived with Boyer, with UIM coverage in the amount of $25,000 per person.

{¶ 4} Boyer's estate was unable to recover under the policies with Safe Auto

(Boyer's policy) and Progressive (Boyer's daughter's policy), because both of those policies defined an underinsured motorist or vehicle as a motorist or vehicle whose liability limit is less than the policies' underinsured motorist limits. The liability limit in Hawks's (the tortfeasor's) policy was $25,000 per person per accident, which was equal to Progressive's UIM coverage ($25,000) and greater than Safe Auto's UIM coverage ($12,500).

{¶ 5} Lowe's policy with State Farm provided that it would pay "compensatory damages for **bodily injury** an **insured** is legally entitled to recover from an **uninsured motorist**" that was (a) "sustained by an **insured**" and (b) "caused by an accident arising out of the operation, maintenance, or use of a **motor vehicle** by an **uninsured motorist**." (Emphasis in original.) The policy set forth the following definition of "insured" for purposes of UM/UIM coverage:

**Additional Definitions**

**Insured** means:

1. **you**;

2. **resident relatives**;

3. *any other **person** who is not insured for uninsured motor vehicle coverage under another vehicle policy while **occupying**:*

a. **your car**; * * *[.]

(Bold in original; italics added.)

{¶ 6} Following the collision, Ramsey sought underinsured motorist benefits from State Farm under Lowe's policy. State Farm denied her claims of coverage. Shortly thereafter, Ramsey brought suit against State Farm, Hawks, and Lowe, seeking a

monetary judgment and "a declaration that Plaintiff is entitled to underinsured motorist benefits in an amount up to the policy limits pursuant to terms of the State Farm policy."

{¶ 7} Ramsey and State Farm filed cross-motions for summary judgment regarding whether Boyer was an insured for UIM coverage under Lowe's policy with State Farm. The trial court granted State Farm's motion and overruled Ramsey's motion, reasoning that Boyer's lack of coverage from Safe Auto and Progressive for this specific collision did not result in her being "not insured for uninsured motor vehicle coverage under another vehicle policy." The trial court thus concluded that Boyer was not an insured under Lowe's policy with State Farm. The trial court dismissed Ramsey's claims against State Farm and certified that its decision was immediately appealable pursuant to Civ.R. 54(B).[1]   Ramsey appeals.

## II. Was Passenger-Decedent an Insured under Driver's UM/UIM Policy?

{¶ 8} In her sole assignment of error, Ramsey claims that the "trial court erred in denying [her] motion for summary judgment and granting State Farm Mutual Automobile Insurance Company's cross-motion for summary judgment based on its finding that Ramsey's decedent was not 'an insured' under State Farm's Policy."

{¶ 9} The ultimate issue in this case is whether Boyer was "an insured" under Lowe's policy with State Farm. There is no dispute that Boyer was a passenger on Lowe's motorcycle and that she was suffered bodily injuries in the collision. In this case, the answer to whether Boyer was "an insured" under the State Farm policy turns on whether she "was not insured" for UIM coverage under another policy, i.e., the Progressive and Safe Auto policies.

---

[1] Ramsey's claims against Hawks and Lowe remain pending in the trial court.

{¶ 10} Ramsey does not dispute that Boyer was "an insured" under the Progessive and Safe Auto policies. Rather, she contends that she is entitled to compensation from the State Farm policy precisely because, while she may have been "an insured" under her Safe Auto and Progressive policies, she was "not insured" under them for this collision. In her appellate brief, she states the "issues presented" to be:

1. As used in an insurance policy's definition of who is an insured, is there any substantive difference between the verb phrase "is not insured" and the noun clause "is not an insured"?

2. Where, for purposes of UM/UIM coverage, an insurer defines an insured as "any other person who is not insured for uninsured motor vehicle coverage under another vheicle policy while occupying * * * your car," does a trial court error [sic] in finding a claimant falls outside this definition where the claimant is "an insured" for uninsured motor vehicle under another policy but not "insured" for the loss at issue?

{¶ 11} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary

judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

{¶ 12} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Id.* Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

{¶ 13} We review the trial court's ruling on a motion for summary judgment de novo. *Schroeder v. Henness*, 2d Dist. Miami No. 2012 CA 18, 2013-Ohio-2767, ¶ 42. De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial. *Ward v. Bond*, 2d Dist. Champaign No. 2015-CA-2, 2015-Ohio-4297, ¶ 8.

{¶ 14} The interpretation of a contract is a question of law. *St. Marys v. Auglaize Cty. Bd. of Commrs.*, 115 Ohio St.3d 387, 2007-Ohio-5026, 875 N.E.2d 561, ¶ 38; *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108, 652 N.E.2d 684 (1995). When reviewing a contract, the court's primary role is to ascertain and give effect to the intent of the parties. *Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos.*, 86 Ohio St.3d 270, 273, 714 N.E.2d 898 (1999). A contract that is, by its terms, clear and unambiguous requires no real interpretation or construction and will be given the effect called for by the plain language of the contract. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 55, 544 N.E.2d 920 (1989).

{¶ 15} In granting summary judgment, the trial court found that, under the clear

and ambiguous language of the State Farm policy, Boyer was not an insured under Lowe's policy because she was insured under the Safe Auto and Progressive polices for UM/UIM coverage. The trial court explained:

Plaintiff's argument, distilled to its core, is premised upon the suggestion that Boyer was not insured for uninsured motor vehicle coverage under another vehicle policy while a passenger on Lowe's motorcycle because she cannot recover under the UM/UIM coverage provided in the Safe Auto and Progressive policies since Hawks' insurance coverage equaled or exceeded coverage under each of Boyer's policies. In her memoranda, Plaintiff argues that the language of the Safe Auto and Progressive policies, under the circumstances presented, render her decedent uninsured since Plaintiff cannot collect under the terms of the policies. It cannot, however, be disputed that Ms. Boyer was, by the terms of the Safe Auto and Progressive policies an insured, with UM/[UIM] coverage included in the terms of the policies.

Whether an injured party is insured, and whether that party is able to recover are two separate and distinct concepts that should not be confused nor conflated. Several Ohio courts have found the inability to recover under a UM/UIM endorsement does not render an individual uninsured. In *Johns v. Hopkins*, 2013-Ohio-2099, where the court considered the language of a State Farm policy identical to Lowe's policy, the court determined that nothing in the State Farm policy, nor its definition of insured can be interpreted to mean "that an individual must actually be able to

recover under his or her own UM/UIM policy before State Farm's definition of 'an insured' would apply." The court found that a reasonable interpretation of the State Farm contract language was that the parties "intended to exclude coverage for persons who had UM/UIM coverage under another insurance policy and were neither a named insured nor an insured family member under State Farm's policy." The *Johns* court concluded that "(n)o reasonable interpretation of the contract could lead one to a meaning of 'one who is insured for uninsured motor vehicle coverage under another vehicle policy, unless he or she cannot recover under that policy.' " *Johns*, *supra*. *See also Wohl v. Swinney*, 118 Ohio St. 3d 277 (2008). Several other Ohio courts have come to a similar conclusion when considering similar insurance contract language. *See Ashcraft v. Grange Mut. Cas. Co.*, 2008-Ohio-1519; *Watkins v. Grange Mut. Cas. Co.*, 2007-Ohio-4366.

We find no error in the trial court's conclusion.

{¶ 16} As noted by the trial court, a conclusion that Boyer was insured under the Safe Auto and Progressive policies for UM/UIM coverage, thus precluding her from being an insured under the State Farm policy, is consistent with decisions from several Ohio appellate courts. In addition to the Eighth District's opinion in *Johns*, which the trial court discussed, the First, Third, and Tenth Districts have reached similar conclusions. *See, e.g., West Am. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 1st Dist. Hamilton No. C-100012, 2010-Ohio-6311; *Watkins v. Grange Mut. Cas. Co.*, 3d Dist. Allen No. 1-06-95, 2007-Ohio-4366; *Ashcraft v. Grange Mut. Cas. Co.*, 10th Dist. Franklin No. 07AP-943,

2008-Ohio-1519.

{¶ 17} For example, in *Ashcraft*, the plaintiff (Ashcraft) was a passenger in a vehicle driven by Danny Paynter that was struck by a vehicle operated by the tortfeasor, who had drifted left-of-center. The tortfeasor had liability coverage of $12,500 per person and $25,000 per occurrence; Ashcraft was also insured under a policy with liability and UM/UIM coverage limits of $12,500 per person and $25,000 per occurrence, the same as the tortfeasor. Paynter, the driver of the vehicle in which Ashcraft was a passenger, was insured by Grange, with liability and UM/UIM insurance limits of $100,000 per person and $300,000 per occurrence. Ashcraft was paid the policy limit by the tortfeasor's insurance ($12,500); Ashcraft could not recover under his own policy, because the amount of his UM/UIM coverage ($12,500) was equal to the amount he received from the tortfeasor.

{¶ 18} Ashcraft sought coverage under Paynter's policy, which included as an insured "[a]ny other person while occupying your covered auto with a reasonable belief that that person is entitled to do so, *if that person is not insured for Uninsured Motorists Coverage under another policy.*" (Emphasis added.) Although Ashcraft agreed that he was "an insured" under his policy, he claimed – like Ramsey – that he was "not insured for" UM/UIM coverage under his policy, because his insurer failed to pay anything to compensate him for his loss. The Tenth District rejected Ashcraft's claim, concluding that the fact that the tortfeasor's liability coverage was equal to the UM/UIM policy limits of Ashcraft's insurance carrier did not change his status to uninsured under that carrier's policy.

{¶ 19} Although we are not bound by the judgments of other districts as to the

interpretation of the language in the State Farm policy, we find these authorities to be apposite and persuasive, and we find no reason to deviate from them.

{¶ 20} It is true that, in this situation, Boyer and her daughter paid premiums for insurance coverage, and Boyer's estate is not entitled to receive any payment from these companies (Safe Auto and Progressive) in return. However, what they paid for was the guarantee that Boyer would not suffer a loss and be totally uncompensated, but rather would receive at least a certain amount – up to $12,500 under the Safe Auto policy and $25,000 under the Progressive policy -- for any injuries caused by another driver. Since she did receive that amount from the tortfeasor, the insurance promise provided by her own UM/UIM coverage was met.

{¶ 21} The concepts of being "an insured," "being insured," and being able to recover from an insurance company for a loss may be distinct concepts, depending on the circumstances, although at some point, the grammatical or lexical meanings of words in an insurance policy beggar definition. An example is an individual who is a named insured on a homeowner's insurance policy with a $1,000 deductible. If that policy expressly excludes coverage for flooding, the individual is an insured on the policy, but he or she cannot recover from the insurance company if the home suffers water damage due to a flood. However, if the policy were to cover damage from flooding and the home were to incur $10,000 of damage due to a flood, the individual would be an insured under the homeowner's policy, insured for flooding, and able to recover the difference between the amount of loss and the deductible ($9,000). On the other hand, if the loss amounted to only $500, the individual would be an insured under the policy, insured for water damage caused by flooding, but unable to recover from the insurance company because

the deductible exceeded the amount of the loss.

**{¶ 22}** Boyer was covered under the State Farm policy if she was not insured under another vehicle policy. Boyer was an insured under the Safe Auto and Progressive policies, and she had UM/UIM coverage (i.e., "was insured" for purposes of UM/UIM coverage) as part of those policies. She simply was unable to recover from those insurers because the amount of UM/UIM coverage was less than or equal to the amount that she recovered from Hawks, the tortfeasor.

**{¶ 23}** Ramsey's assignment of error is overruled.

### III. Conclusion

**{¶ 24}** The trial court's judgment will be affirmed.

. . . . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Christopher Van Blargan
Kristen M. Lewis
Kevin C. Connell
Steven O. Dean
Hon. Mary Katherine Huffman