OPINION
{¶ 1} In this accelerated calendar case, appellant, Debra J. Holik ("Holik"), appeals the judgment entered by the Ashtabula County Court of Common Pleas. The trial court entered summary judgment in favor of appellee, Sally E. Richards, Esq. ("Richards").
 {¶ 2} In April 1999, Holik's mother, Ethel Schminder ("Ethel"), died. In January 2000, her will was filed with the Ashtabula County Probate Court. Ethel's will provided that Holik and her brother, William Schminder ("William"), were to be coexecutors of the estate. Soon after the will was filed, Holik retained Attorney James Sartini to represent her in her capacity as coexecutor of the estate. Holik and William were in disagreement on several aspects of the estate, so Attorney Sartini advised Holik to retain separate counsel. Attorney Richards was retained by Holik in November 2000 to represent her in the probate matter. Since Holik and William were not getting along, upon their request, the trial court appointed Attorney Charles Lafferty to be the administrator with will annexed of the estate in December 2000.
 {¶ 3} The primary asset of Ethel's estate was her house in Ashtabula, Ohio. At the time of Ethel's death, Holik was living in the Ashtabula residence. She continued to live in the house for several years after Ethel's death. Eventually, the house was sold for $38,000. Holik signed a document indicating that she consented to the sale. In addition, this sale was approved by the probate court. Lafferty charged Holik rent, at $300 per month, for the time she lived in Ethel's house following her death.
 {¶ 4} In June 2002, Holik sent a letter to Richards terminating the attorney-client relationship. However, a motion removing Richards as the attorney of record was not filed with the probate court until November 2002.
 {¶ 5} Lafferty filed a final accounting of the estate. Included in this accounting was a charge for rent against Holik, in the amount of $300 per month for twenty-nine months, totaling $8,700. Holik, acting pro se, filed objections to Lafferty's final accounting. The probate court held a hearing on the matter. Following the hearing, the probate court overruled Holik's objections and approved the accounting. Holik did not appeal the probate court's judgment entry to this court.
 {¶ 6} Following the resolution of the probate court matter, Holik filed the instant action against Richards for legal malpractice. Richards filed an answer to the complaint. Thereafter, she filed an initial motion for summary judgment. Holik filed a motion in opposition to Richards' motion for summary judgment. In May 2004, the trial court denied Richards' initial motion for summary judgment.
 {¶ 7} In September 2004, Richards filed a second motion for summary judgment. Richards attached several exhibits to her motion for summary judgment, including entries in the probate case and letters she had written on behalf of Holik. Also, Richards attached her own affidavit to the motion for summary judgment. Finally, she attached an affidavit from Attorney Michael Meaney. In his affidavit, Attorney Meaney swears that an attached letter to Richards' counsel is a true and accurate copy of his expert opinion in this matter.
 {¶ 8} Holik filed a response in opposition to Richards' second motion for summary judgment. Holik did not attach any affidavits or other evidentiary material to her response. However, she did attach an unsworn letter from Attorney Patricia Schraff to Holik's attorney, David Patterson. The trial court granted Richards' second motion for summary judgment. Holik has appealed the trial court's judgment entry to this court.
 {¶ 9} In addition to the present action, Holik also filed a complaint for legal malpractice and breach of fiduciary duty, as well as other associated claims, against Lafferty for his handling of the estate. Holik's appeal regarding her lawsuit against Lafferty is also determined today.[1]
 {¶ 10} Holik raises the following assignment of error:
 {¶ 11} "The trial court erred to the prejudice of the appellant by granting summary judgment when genuine issues of material fact remained to be litigated; appellee was not entitled to judgment as a matter of law; and, while reasonable minds can come to but one conclusion, such was adverse to the appellee, not appellant."
 {¶ 12} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[2] In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the nonmoving party.[3] The standard of review for the granting of a motion for summary judgment is de novo.[4]
 {¶ 13} In Dresher v. Burt, the Supreme Court of Ohio set forth a burden-shifting exercise to occur in a summary judgment determination. Initially, the moving party must point to evidentiary materials to show that there are no genuine issues of material fact and they are entitled to judgment as a matter of law.[5] If the moving party meets this burden, a reciprocal burden is placed on the nonmoving party to show that there is a genuine issue of fact for trial.[6]
 {¶ 14} Holik's claims against Richards all involve legal malpractice. The Supreme Court of Ohio has held:
 {¶ 15} "To establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss."[7]
 {¶ 16} Neither party disputes that an attorney-client relationship existed between the parties. In her deposition, Richards admits that she represented Holik. As such, Attorney Richards owed a duty to Holik. Since the first prong of theVahila v. Hall test has been satisfied, the remainder of this opinion will focus on the other necessary prongs.
 {¶ 17} Richards attached Attorney Meaney's affidavit to her motion for summary judgment. In his affidavit, Attorney Meaney swears that an attached opinion is a true and accurate copy of his expert opinion in this matter. Therefore, his expert opinion is incorporated by reference into his affidavit.
 {¶ 18} Holik's first claim was that Richards should have submitted a claim for reimbursement against the estate for expenses she paid on Ethel's behalf prior to her death. Attorney Meaney observed that claims against an estate must be filed within one year of the decedent's death, pursuant to R.C.2117.06(C). Richards was not retained by Holik until November 2000, about eighteen months after Ethel's death. Further, Attorney Meaney noted that a claim against the estate was filed with Lafferty in September 2001, with Lafferty promptly rejecting the claim. While Attorney Meaney stated that the statute provides sixty days to commence an action on a rejected claim, he opined that it was "by no means automatic" to commence such an action. Further, his opinion strongly questioned the success of such an action. Finally, he opined that Richards had to consider the time and expense to the estate, and ultimately Holik, that could be wasted pursuing a frivolous action.
 {¶ 19} Holik's second claim was that Richards failed to pursue the option of Holik purchasing Ethel's house. Richards attached a document entitled "consent to sell real estate," which was signed by Holik, to her motion for summary judgment. This document suggests that Richards and Holik discussed the matter and, ultimately, agreed to Lafferty selling the residence to a third party. In her affidavit, Richards states that Holik referred the third party to her, and she passed the information to Lafferty. Attorney Meaney noted that Richards did inquire with Lafferty about the possibility of Holik purchasing the house. However, he further noted that such purchase would require Holik to use her unacknowledged claim against the estate to purchase the property. Attorney Meaney observed that Lafferty and William were strongly opposed to this arrangement. In her affidavit, Richards states that Holik never indicated that she had other funds to purchase the property. Similarly, without the claim against the estate, Attorney Meaney opined that it was doubtful that Holik had the financial resources to purchase the residence from the estate.
 {¶ 20} Holik's third claim was that Richards failed to communicate with her regarding the events of the probate court matter. Attorney Meaney stated that he reviewed the case file and determined there was a sufficient level of communication between Richards and Holik. He opined that an attorney does not need to inform the client about every minor detail of the case, rather informing the client of major activity and seeking the client's input when decisions are required is sufficient.
 {¶ 21} Attorney Meaney stated there was a five-month gap between the time Holik informed Richards that the attorney-client relationship had ended and a motion was filed with the probate court to remove Richards as the attorney of record. Attorney Meaney placed some of the blame for this delay on Holik, in that she did not pick up her file and sign the motion Richards prepared. However, he also opined that Richards could have unilaterally filed the motion to avoid such a lengthy delay. Attorney Meaney noted the only substantive filing during this period was the final accounting by Lafferty. He stated that it is the practice of the probate court to send duplicate hearing notices to the party and the attorney. Finally, Attorney Meaney opined that there was no prejudice to Holik, because she filed objections to the accounting and appeared at the hearing regarding them.
 {¶ 22} Holik's fourth claim was that Richards failed to pursue the option of allowing Holik to remain in the residence without paying rent following Ethel's death. Attorney Meaney noted that Richards did ask Lafferty about the possibility of waiving the rent charges against Holik. However, Attorney Meaney opined that such rent payments are common, especially in a situation like this where there was extreme hostility between the beneficiaries. Thus, he understood why Lafferty was unwilling to waive the rental payments.
 {¶ 23} In conclusion, Attorney Meaney opined that Richards' representation met the applicable level of reasonable representation in the probate matter. Accordingly, this evidence showed that Holik had not met the second prong of the Vahila v.Hall test, demonstrating that Richards breached her duty to Holik. Thus, Richards met her burden, pursuant to Dresher v.Burt, of demonstrating that no genuine issue of material fact existed for trial. At that point, Holik had a reciprocal burden of showing that a genuine issue of material fact did exist for trial.[8]
 {¶ 24} The only evidence Holik submitted was the unsworn expert opinion of Attorney Schraff. Unfortunately, this opinion was not of the evidentiary quality to be considered in a summary judgment exercise. Civ.R. 56(C) provides what types of evidentiary material are to be considered by the trial court when determining whether to grant a motion for summary judgment. The rule provides, in part:
 {¶ 25} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."[9]
 {¶ 26} This court recently addressed this issue in a summary judgment analysis in a veterinary malpractice case.[10]
This court held, "[t]he unsworn letter from [the expert] to [the plaintiff's attorney] is not the type of evidence that a trial court is permitted to consider in a summary judgment exercise. The letter does not qualify as an affidavit or any other specifically mentioned evidence in Civ.R. 56(C)."[11]
 {¶ 27} "This court has held that `summary judgment in favor of the attorney is appropriate when a plaintiff fails to supply expert testimony on alleged negligence that is "neither within the ordinary knowledge of the layman nor so clear as to constitute negligence as a matter of law."'"[12]
 {¶ 28} Since Holik did not submit a sufficient expert opinion, the issue is whether the claimed deficient performance rises to the level of negligence as a matter of law or falls within the common knowledge of a layperson.[13]
 {¶ 29} After reviewing Holik's claims, we conclude that they are beyond the level of comprehension of a layperson. The claims alleged deficient representation in a complex probate court proceeding. As noted above, some of the claims were time-barred by statute. Other claims involved the strategic decisions of the attorney during the course of the representation. In both instances, lay individuals do not have the expertise to determine if Richards' representation was deficient.[14]
 {¶ 30} Because no genuine issues of material fact existed on Holik's legal malpractice claim, Richards was entitled to judgment as a matter of law. Therefore, the trial court did not err by entering summary judgment in her favor.
 {¶ 31} Holik's assignment of error is without merit.
 {¶ 32} The judgment of the trial court is affirmed.
Ford, P.J., Grendell, J., concur.
[1] Holik v. Lafferty, 11th Dist. No. 2005-A-0005.
[2] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[3] Civ.R. 56(C).
[4] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105.
[5] Dresher v. Burt (1996), 75 Ohio St.3d at 293.
[6] Id.
[7] Vahila v. Hall (1997), 77 Ohio St.3d 421, syllabus, following Krahn v. Kinney (1989), 43 Ohio St.3d 103.
[8] Dresher v. Burt, supra.
[9] Civ.R. 56(C).
[10] Diakakis v. W. Res. Veterinary Hosp., 11th Dist. No. 2004-T-0151, 2006-Ohio-201.
[11] Id. at ¶ 22.
[12] (Citations omitted.) Belknap v. Vigorito, 11th Dist. No. 2003-T-0147, 2004-Ohio-7232, at ¶ 15.
[13] Brunstetter v. Keating, 11th Dist. No. 2002-T-0057, 2003-Ohio-3270, at ¶ 16, citing Bloom v. Dieckmann (1983),11 Ohio App.3d 202, 203.
[14] See, e.g., Brown v. Morganstern, 11th Dist. No. 2002-T-0146, 2004-Ohio-2930, at ¶ 39.