[Cite as *Cain v. Field Local School Dist. Bd. of Edn.*, 2013-Ohio-1492.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| PAULETTE CAIN, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2012-P-0127** |
| FIELD LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, et al., | : | |
| | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2011 CV 01275

Judgment: Affirmed.

*Michael T. Callahan* and *David M. Watson*, Callahan, Greven, Riley & Sinn, L.L.C., 137 South Main Street, Suite 300, Akron, OH 44308 (For Plaintiffs-Appellants).

*Sarah E. Pawlicki* and *Barry W. Fissel*, Eastman & Smith LTD., One Seagate, 24th Floor, Toledo, OH 43699 (For Defendants-Appellees).


COLLEEN MARY O'TOOLE, J.

{¶1} Paulette and John Cain appeal from the judgment entry of the Portage County Court of Common Pleas, granting summary judgment to the Field Local School District Board of Education, Beth Coleman, and Shawn Bookman on the Cains' claims for employer intentional tort and loss of consortium. We affirm.

{¶2} Mrs. Cain was employed by the Field Local School District as a nonteaching assistant, working particularly with learning disabled children. She had an excellent employment record. She was also a union representative for the non-teaching employees of the district. In this capacity, she filed a grievance against one of the learning disabled teachers, who was later dismissed. Mrs. Cain asserts that, as a result, her position was eliminated, and that she was assigned a position working with children with multiple handicaps and multiple disabilities. Though she had occasionally helped out with this class, she had no prior training in working with these children, nor did she receive any after the assignment. She asserts that others working in the multiple handicaps and multiple disabilities class did receive such training. She further notes that children in this category were known to behave violently and aggressively. October 1, 2009, Mrs. Cain was assaulted by two students, and suffered severe injuries. She states that a teacher present in the classroom at the time of the assault did nothing to aid her. September 29, 2011, she and her husband filed the instant case, naming as defendants the board of education, Beth Coleman, the superintendent, and Shawn Bookman, the principal of the school where Mrs. Cain was injured.

{¶3} The board, Ms. Coleman, and Mrs. Bookman moved to dismiss for failure to state a claim, Civ.R. 12(B)(6). The trial court exercised its discretion to convert the motion into one for summary judgment, Civ.R. 56. The parties briefed the case, submitting extensive affidavit testimony. In their affidavits, Ms. Coleman and Mrs. Bookman asserted that the decision to move Mrs. Cain from the learning disabilities classroom to the multiple handicaps and multiple disabilities classroom was made prior to the filing of the union grievance by Mrs. Cain, which Mrs. Cain identified as the

2

impetus for the move. Mrs. Bookman asserted that the actual reason for the move was a reduction in the school's workforce. Ms. Coleman and Mrs. Bookman disclaimed any intent to injure Mrs. Cain, or any substantial certainty that she would be injured, due to the reassignment.

{¶4} The trial court filed its judgment entry granting summary judgment to the board, Ms. Coleman, and Mrs. Bookman September 4, 2012. This appeal timely ensued.

{¶5} Mrs. and Mr. Cain assign a single error: "[t]he trial court erred by determining there was no genuine issue of material fact and that defendants were entitled to judgment as a matter of law." Under this assignment of error, they present four issues for review. The first is: "[d]id Plaintiffs-Appellants present sufficient Civ.R. 56(C) evidence to establish triable issues of material fact on their claims for employer intentional tort?" The second is: "[d]oes Ohio Revised Code Sections 2745.01(A) and 2745.01(B) create a paradox with each other with respect to the concepts of 'intent to injure' and 'deliberate intent'?" The third is: "[d]oes Ohio Revised Code Sections 2745.01(A) and (B) require an objective evaluation, to wit: what a reasonable prudent employer do/act under the facts and circumstances of the case?" The fourth is: "[w]hether the Defendants-Appellants (sic) are entitled to Statutory Immunity pursuant to Ohio Revised Code Section 2744 et seq.?"

{¶6} "'Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.' *Holik v. Richards,* 11th Dist. No. 2005-A-0006, 2006-Ohio-2644, ¶12, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, * * *. 'In addition, it must appear

from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the nonmoving party.' *Id.* citing Civ.R. 56(C). Further, the standard in which we review the granting of a motion for summary judgment is de novo. *Id.* citing *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, * * *.

{¶7} "Accordingly, '(s)ummary judgment may not be granted until the moving party sufficiently demonstrates the absence of a genuine issue of material fact. The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.' *Brunstetter v. Keating,* 11th Dist. No. 2002-T-0057, 2003-Ohio-3270, ¶12, citing *Dresher* at 292. 'Once the moving party meets the initial burden, the nonmoving party must then set forth specific facts demonstrating that a genuine issue of material fact does exist that must be preserved for trial, and if the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.' *Id.*, citing *Dresher* at 293.

{¶8} "* * *

{¶9} "* * *

{¶10} "Since summary judgment denies the party his or her 'day in court' it is not to be viewed lightly as docket control or as a 'little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In *Dresher v. Burt,* the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that

4

demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, * * *.

{¶11} "The court in *Dresher* went on to say that paragraph three of the syllabus in *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, * * *, cited by Mr. Ziccarelli, is too broad and fails to account for the burden Civ.R. 56 places upon a *moving* party. The court, therefore, limited paragraph three of the syllabus in *Wing* to bring it into conformity with *Mitseff.* (Emphasis added.)

{¶12} "The Supreme Court in *Dresher* went on to hold that when *neither* the moving nor nonmoving party provides evidentiary materials demonstrating that there are no material facts in dispute, the moving party is not entitled to a judgment as a matter of law as the moving party bears the initial responsibility of informing the trial court of the

5

basis for the motion, 'and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.' *Id.* at 276. (Emphasis added.)" (Emphasis sic.) (Parallel citations omitted.) *Welch v. Ziccarelli*, 11th Dist. No. 2006-L-229, 2007-Ohio-4374, ¶36-37, 40-42.

**{¶13}** We consider the issues presented out of order.

**{¶14}** The second and third issues presented are interrelated. We consolidate them. By the second, the Cains contend that there is an inherent conflict between the terms "intent to injure," as used in R.C. 2745.01(A), and "'substantially certain'" defined as "deliberate intent to cause an employee to suffer an injury," used in R.C. 2745.01(B). The Cains argue that, as a consequence, the intent to injure must be judged under the standard of what a reasonable, prudent employer would believe under any given set of facts.

**{¶15}** We respectfully disagree. This argument has recently been rejected by the Supreme Court of Ohio, in *Houdek v. ThyssenKrupp Materials N.A., Inc.*, Slip Opinion No. 2012-Ohio-5685. In that case, the Cuyahoga County Court of Common Pleas granted summary judgment to ThyssenKrupp in an intentional tort action. *Id.* at ¶9. As stated by the Supreme Court:

**{¶16}** "The Eighth District Court of Appeals reversed, stating that the terms used in R.C. 2745.01(A) are in 'harmonic dissonance' with the definition of 'substantially certain' in R.C. 2745.01(B) and that the court preferred to believe 'paragraph (B) is a scrivener's error.' *Houdek* [*v. ThyssenKrupp Materials N.A., Inc.*, 8th Dist. No. 95399,] 2011-Ohio-1694, ¶42. As a result, the appellate court held that an injured employee may prove an employer intentional tort by showing that the employer acted with an

6

intent to injure the employee or with the belief that the injury was substantially certain to occur. *Id.* The court applied an objective test as to what a reasonably prudent employer would believe and determined that 'there are genuine issues of material fact, particularly given the specific supervisory directives to both Houdek and the sideloader operator and the sideloader operator's warning to the warehouse manager, that (ThyssenKrupp) objectively believed the injury to Houdek was substantially certain to occur.' *Houdek* at ¶45-46." *Houdek*, Slip Opinion No. 2012-Ohio-5685, at ¶10.

{¶17} The Supreme Court, while acknowledging that intent to injure may be gathered from circumstantial evidence, squarely rejected the position of the Eighth Appellate District. *Houdek*, Slip Opinion No. 2012-Ohio-5685 at ¶11, 24-25. Thus, there is no conflict in the statutory terms, and a plaintiff must always prove "specific" or "deliberate" intent by the employer to cause injury. *Id.* at ¶24-25.

{¶18} We confront, therefore, the Cains' first issue: whether they presented sufficient evidence under Civ.R. 56(C) to withstand summary judgment. We conclude they did not. The board, Ms. Coleman, and Mrs. Bookman direct our attention to the decision of the Supreme Court of Ohio in *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190 (1988). In that case, Mary A. Mitchell was murdered while working at a convenience store. *Id.* Her estate's administrator brought an intentional tort action against the store. *Id.* The trial court granted the store a motion to dismiss, Civ.R. 12(B)(6). *Id.* The court of appeals reversed. *Id.* at 190-191. On appeal, the Supreme Court noted that the complaint alleged that the store was entirely without any security, and that the decedent had been given no training in dealing with violent situations. *Id.* at 192. Significantly, the Supreme Court stated as follows:

7

{¶19} "Taking the facts of the complaint as true and construing them in appellee's favor, those facts fail to establish a claim for intentional tort. The facts are easy to grasp and are undisputed: a death resulted from the hold-up of a convenience store. Even if Lawson failed to equip its stores with security devices or provide its employees with training in handling violent situations, it does not follow that Lawson knew that injury to its employees was certain, or substantially certain, to result. This is so, even if we assume that the Lawson store was in a high-crime-rate area." (Emphasis sic.) *Lawson* at 192-193.

{¶20} The situation in *Lawson* is analogous to that presented by this case. Essentially, the claims for intentional tort were each premised on an employer placing its employee in a dangerous situation, without training. Pursuant to *Lawson*, this is simply insufficient to constitute an employer intentional tort.

{¶21} The situation presented in this case is a difficult one; as Justice Pfeiffer recently observed, injured employees virtually are required to obtain a confession from their employers in order to maintain an intentional tort action. *Houdek*, Slip Opinion No. 2012-Ohio-5685, ¶33 (Pfeiffer, J., dissenting). Nevertheless, the Supreme Court majority's holding in *Houdek* has clearly determined the issue, that in fashioning present R.C. 2745.01, "the General Assembly intended to limit claims for employer intentional torts to situations in which an employer acts with the 'specific intent' to cause an injury to another." *Id.* at ¶24. The standard is strict, and must be observed.

{¶22} The fourth issue presented is whether the board, Ms. Coleman, and Mrs. Bookman were entitled to statutory immunity. We note that the trial court did not

8

consider this issue in rendering judgment; and, given our disposition of the other issues, we find it moot.

{¶23} The assignment of error lacks merit. The judgment of the Portage County Court of Common Pleas is affirmed. Costs to be taxed against appellants. The court finds there were reasonable grounds for this appeal.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.