[Cite as *Acuity, Mut. Ins. Co. v. Progressive Specialty Ins. Co.*, 2022-Ohio-1816.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | CASE NO. 2021-P-0001 |
| Plaintiff-Appellant, | Civil Appeal from the Court of Common Pleas |
| - v - | |
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, et al., | Trial Court No. 2020 CV 00508 |
| Defendant-Appellee. | |

## O P I N I O N

Decided: May 31, 2022
Judgment: Reversed and remanded

*Douglas G. Leak*, *Kenneth A. Calderone*, and *John R. Chlysta*, Hanna, Campbell & Powell, LLP, 3737 Embassy Parkway, Suite 100, Akron, OH 44333 (For Plaintiff-Appellant).

*David L. Lester* and *David G. Utley*, Collins, Roche, Utley & Garner, LLC, 520 South Main Street, Suite 2551, Akron, OH 44311 (For Defendant-Appellee).

MARY JANE TRAPP, J.

{¶1} This case presents an issue of competing insurance policies for liability coverage of a motor vehicle collision where the driver was not the owner of the vehicle but had the owner's permission to drive the vehicle. Appellant, Acuity, A Mutual Insurance Company ("Acuity"), appeals the judgment of the Portage County Court of Common Pleas, which granted summary judgment to appellee, Progressive Specialty Insurance Company ("Progressive"), on the issue of liability coverage after finding that the "other

insurance" provisions did not conflict since the driver did not meet the definition of an "insured" under Progressive's policy.

{¶2} In its sole assignment of error, Acuity contends that, notwithstanding the definition of "insured" under Progressive's policy, when one insurer's policy provides excess liability coverage for an accident (an "excess" clause), and the other insurer attempts to avoid coverage through an "escape" clause, the escape clause is unenforceable, and that policy becomes primary. Thus, Acuity argues Progressive should be primarily liable for the motor vehicle accident.

{¶3} After a careful review of the record and pertinent law, we find Acuity's argument to be with merit insofar as the trial court failed to apply the Supreme Court of Ohio's holding in *State Farm Mut. Auto. Ins. Co. v. Home Indem. Ins. Co.*, 23 Ohio St.2d 45, 261 N.E.2d 128 (1970) ("*State Farm*"): "[w]here an insurance policy insures a loss 'only if no other valid and collectible automobile liability insurance * * * is available,' and another insurance policy insures the same loss only as to the 'excess over collectible insurance,' the latter provision will be given effect; thus, the former policy will be held to furnish the insurance for the loss." *Id.* at syllabus. Progressive's definition of insured is an escape clause – to find otherwise would be elevating form over substance. *See id.* at 47.

{¶4} Acuity's analysis must be taken one step further, however, since once Progressive's escape clause is negated, we are left with two competing excess clauses. Therefore, we must apply the Supreme Court of Ohio's holding in *Buckeye Union Ins. Co. v. State Auto. Mut. Ins. Co.*, 49 Ohio St.2d 213, 361 N.E.2d 1052 (1977), which adopted a method of proration in which "the two insurers become liable in proportion to the amount of insurance provided by their respective policies." *Id.* at 218.

2

**{¶5}** Thus, we reverse the judgment of the Portage County Court of Common Pleas granting summary judgment in favor of Progressive and remand to the trial court to enter judgment based on the proration method in accordance with this opinion.

### Substantive and Procedural Facts

**{¶6}** In August 2020, Acuity filed a complaint for declaratory judgment to determine the coverage offered by two different insurance policies in a single-vehicle accident.

**{¶7}** On June 4, 2020, Ashton Smith ("Mr. Smith") was the permissive driver of a 2010 Toyota Corolla owned by Emily Willingham-Schiavoni. There were three passengers in the vehicle: Nicolas Willingham, Anthony G. Sagaris, and Robert A. Sagaris. Mr. Smith lost control of the vehicle while driving and went off of the road, striking a utility pole.

**{¶8}** At the time of the accident, Progressive maintained an automobile liability insurance policy on the Toyota Corolla that Mr. Smith was driving, and Acuity maintained an automobile liability policy on Eric P. Smith, the named insured, which included Mr. Smith as a listed driver. Both policies had liability limits of $100,000 per person and $300,000 per accident.

**{¶9}** In its complaint, Acuity contended that because the Toyota was not owned by Mr. Smith, its coverage was excess due to the "other insurance" provision in its policy, which states that its coverage "is excess over any other collectible auto liability insurance." Acuity further argued that Progressive's policy covers permissive users of the vehicle and that its policy contains an "escape" clause, which, contrary to Ohio law, purports to negate coverage if an insured has other coverage.

3

{¶10} Acuity, citing *State Farm*, *supra*, argued that according to established Supreme Court of Ohio precedent, when one policy contains escape language while another contains excess language, the excess language prevails, and the policy with the escape language provides primary coverage.

{¶11} Relevant to this appeal, Acuity demanded judgment determining and declaring that Progressive's policy was either primary to Acuity's excess coverage or, alternatively, applies pro-rata with Acuity's coverage.

{¶12} Progressive filed an answer with a counterclaim and cross-claim for declaratory judgment, asserting in one of its defenses that its policy defined "insured person" for liability coverage, in pertinent part, as "any person who is not insured for liability coverage by any other insurance policy * * * with respect to an accident arising out of that person's use of a **covered auto** with the permission of **you**, a **relative**, or a **rated resident**." (Emphasis sic.) Thus, Mr. Smith was not an "insured person" under Progressive's policy since he was a listed driver under Acuity's policy and was insured for liability coverage under that policy for the accident. Therefore, by its own terms, since there was no "other applicable liability insurance," Acuity's other insurance clause did not apply.

{¶13} Progressive demanded judgment determining and declaring that Mr. Smith was not an "insured" person for liability coverage under the Progressive policy and that it had no duty to defend or indemnify him as to any claims arising from the accident.

### The Policies

{¶14} In relevant part, Progressive's Policy defines an "Insured person" under Additional Definitions for Part I – Liability to Others, as:

4

{¶15} "a. **you**, a **relative**, or **a rated resident** with respect to an accident arising out of the ownership, maintenance or use of an auto or a trailer;

{¶16} "b. any person who is not insured for liability coverage by any other insurance policy, self-insurance program, or financial responsibility bond with respect to an accident arising out of that person's use of a **covered auto** with the permission of **you**, a **relative**, or a **rated resident**;

{¶17} "c. any person or organization with respect only to vicarious liability for the acts or omissions of a person described in a. or b. above; and

{¶18} "d. any 'Additional Interest' shown on the **declarations page** with respect only to its liability for the acts or omissions of a person described in a. or b. above." (Emphasis sic.)

{¶19} The policy's "Other Insurance" provision under Part I states, "If there is any other applicable liability insurance or bond, **we** will pay only **our** share of the damages. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide for a vehicle or trailer, other than a **covered auto**, will be excess over any other collectible insurance, self-insurance, or bond. Any insurance **we** provide for use of a **covered auto** by any person other than **you** will be excess over any other collectible insurance, self-insurance, or bond." (Emphasis sic.)

{¶20} Acuity's policy defines an "insured person" under Part I, Liability, as:

{¶21} "**1. You** for the ownership, maintenance or use of your **insured car**.

{¶22} "**2.** Any person while using **your insured car** with **your** permission or that of any adult member of **your** household.

{¶23} "**3. You** or a **relative** while using a car or other **utility trailer** other than **your insured car** with a reasonable belief of having permission to do so.

5

**{¶24}** "**4.**  Any other person or organization with respect only to legal liability for acts or omissions of:

**{¶25}** "a.  Any person covered under this Part while using **your insured car**.

**{¶26}** "b.  **You** or any **relative** covered under this Part while using any car or **utility trailer** other than **your insured car** if the car or **utility trailer** is not owned or hired by that person or organization."  (Emphasis sic.)

**{¶27}** The "excess clause" is in the "Other Insurance" provision under Liability, Part I and states, "If there is other applicable auto liability insurance on a loss covered by this Part, **we** will pay **our** proportionate share as **our** limits of liability bear to the total of all applicable liability limits.  But, insurance afforded under this Part for a vehicle **you** do not own is excess over any other collectible auto liability insurance."  (Emphasis sic.)

### Summary Judgment

**{¶28}** Both parties filed summary judgment motions, each arguing that the other's policy provided primary coverage.

**{¶29}** The trial court found Progressive's motion for summary judgment well-taken and granted it as to liability coverage.  More specifically, the court found that Mr. Smith was not an "insured person" for liability coverage under Progressive's policy.  Therefore, Progressive had no duty to defend or indemnify him as to any claims arising from the June 4, 2020, accident.  Further, Acuity did have a duty to defend or indemnify Mr. Smith for any bodily injury and property damage claims arising from the accident.  The trial court denied Acuity's motion for summary judgment as to liability coverage, finding that because Mr. Smith was not an "insured person" under Progressive's policy, no "other insurance" issue was presented.   The trial court granted summary judgment to

6

Progressive on Acuity's complaint and on Progressive's counterclaim and cross-claim for declaratory judgment as to liability coverage.

{¶30} Acuity raises one assignment of error on appeal:

{¶31} "The trial court erred in granting Progressive's motion for summary judgment and denying Acuity's motion for summary judgment on the liability-coverage issue."

## Standard of Review

{¶32} Once a trial court determines that a matter is appropriate for declaratory judgment, its holdings regarding questions of law are reviewed on a de novo basis. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 13.

{¶33} Furthermore, this case comes before us on summary judgment. Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Holik v. Richards*, 11th Dist. Ashtabula No. 2005-A-0006, 2006-Ohio-2644, ¶ 12, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the nonmoving party. *Id.* citing Civ.R. 56(C). The standard in which we review the granting of a motion for summary judgment is de novo. *Id.*, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

## Analysis

{¶34} In Acuity's sole assignment of error, it contends the trial court erred in awarding summary judgment in favor of Progressive and denying its motion for summary judgment on the liability-coverage issue. More specifically, Acuity argues the trial court erred in failing to apply the Supreme Court of Ohio's decision in *State Farm*, *supra*.

7

{¶35} In *State Farm*, State Farm insured the driver, who was driving another car with the permission of its owner and was involved in a collision. State Farm satisfied the claims and then brought action against Home Indemnity under a policy issued by the latter to the owner of the borrowed car. *Id.* at 45-46. Both conceded that were it not for the "other language" in each, the driver would be covered under both policies. Conversely, if both policies were given full effect, neither policy would cover the loss. *Id.* at 46.

{¶36} The Home Indemnity policy contained an "escape" provision, similar to Progressive's provision, stating that it would provide coverage to a person using the covered auto with permission of the named insured "but only if no other valid and collectible automobile liability insurance, either primary or excess * * * is available to such person." *Id.*

{¶37} State Farm's "excess" clause conceded no basic or primary liability, limiting liability to the excess over other collectible insurance. As the court pointedly inquired, "But before the policy can ride as excess insurance, the other policy must be made to walk as primary insurance. Can it?" (Footnote omitted.) *Id.* at 47.

{¶38} Because Home Indemnity's policy contained the language "no other primary or excess" available to the driver, the Supreme Court of Ohio found this language insufficient to prevent liability from attaching to the insurer, Home Indemnity, who designed it. *Id.* at 48.

{¶39} Similarly here, Progressive's "escape clause" is insufficient to prevent liability from attaching to it. The "escape clause" in Progressive's policy is located within its definition of an "insured person": "any person who is not insured for liability coverage by any other insurance * * * with respect to an accident arising out of that person's use of a **covered auto** with the permission of **you** * * *." (Emphasis sic.)

8

{¶40} There is one significant difference from *State Farm* in this case since we are left with two competing "excess" clauses. Because Mr. Smith is an insured under both policies, they each cover the same risk, and they each provide that their liability with regard to that risk shall be excess insurance over other valid, collectible insurance. In addition, each policy has the same liability coverage limits.

{¶41} In *Buckeye Union*, *supra*, the Supreme Court of Ohio determined that "[s]ince there can be no primary insurance of the risk where there are conflicting excess clauses, the excess clauses a fortiori cannot be a valid means of establishing only 'secondary' liability." *Id.* at 216. The Supreme Court went on to hold that "where two insurance policies cover the same risk and both provide that their liability with regard to that risk shall be excess insurance over other valid, collectible insurance, the two insurers become liable in proportion to the amount of insurance provided by their respective policies." *Id.* at 218. *See also Cincinnati Ins. Co. v. Motorists Mut. Ins. Co.*, 6th Dist. Lucas No. L-10-1095, 2010-Ohio-5176, ¶ 28 (Although differently worded, under *Buckeye Union* both excess insurance clauses are deemed inoperable, and liability coverage is apportioned between the insurers in proportion to the amount of insurance provided by their respective policies).

{¶42} Progressive cites to a collection of underinsured/uninsured motorist ("UIM/UM") cases in support of their argument and, without citing to any caselaw in support, contends there is no difference between primary auto liability and UIM/UM contract interpretations under the law. *See Ashcraft v. Grange Mut. Cas. Co.*, 10th Dist. Franklin No. 07AP-943, 2008-Ohio-1519; *Mitchell v. Motorists Mut. Ins. Co.,* 10th Dist. Franklin No. 04AP-589, 2005-Ohio-3988; *Engler v. Stafford*, 6th Dist. Lucas No. L-06-1257, 2007-Ohio-2256; *Lightning Rod Mut. Ins. Co. v. Grange Mut. Cas. Co.*, 168 Ohio

9

App.3d 505, 2006-Ohio-4411, 860 N.E.2d 1049 (9th Dist.). We are not persuaded by this argument since the determinative issue when assessing the validity of an insurance policy exclusion in the context of UIM/UM coverage is the exclusion's conformity with the statute governing UIM/UM coverage, i.e., R.C. 3937.18. *See*, *e.g.*, *Shepherd v. Scott*, 3d Dist. Hancock No. 5-02-22, 2002-Ohio-4417, ¶ 17; *Martin v. Midwestern Group Ins. Co.*, 70 Ohio St.3d 478, 480, 639 N.E.2d 438 (1994). Thus, in *Shepherd*, a converse case to the circumstances presented here, the Third District declined to apply *State Farm* since it was not "decided in the context of UM/UIM coverage." *Id.* at ¶ 17.

{¶43} Finding Acuity's assignment of error to have merit in part, we reverse the judgment of the Portage County Court of Common Pleas granting summary judgment in favor of Progressive and remand to the trial court to enter judgment based on the proration method in accordance with this opinion.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

Case No. 2021-P-0001