[Cite as *Patel v. Huntington Banc Shares Fin. Corp.*, 2023-Ohio-3218.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

YOGESH H. PATEL,

       Plaintiff-Appellant,

  - vs -

HUNTINGTON BANC SHARES
FINANCIAL CORPORATION,

       Defendant-Appellee.

CASE NO. 2023-L-036

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2021 CV 001299

## **O P I N I O N**

Decided: September 11, 2023
Judgment: Affirmed

*Jonathan P. Blakely*, P.O. Box 217, Middlefield, OH 44062 (For Plaintiff-Appellant).

*Karen L. Giffen*, *Courtney L. Bow*, and *Kerin L. Kaminski*, Perez & Morris, LLC, 1300 East Ninth Street, Suite 1600, Cleveland, OH 44114 (For Defendant-Appellee).

ROBERT J. PATTON, J.

{¶1}  Appellant, Yogesh Patel ("Mr. Patel"), appeals the order of the Lake County Court of Common Pleas granting summary judgment in favor of appellee, Huntington Banc Shares, Financial Corp. ("Huntington Bank"). For the following reasons, we affirm the judgment of the lower court.

{¶2}  On November 1, 2021, Mr. Patel filed a complaint against Huntington Bank after two of his accounts were accessed and funds were transferred without his

authorization.[1] In count one of the complaint, Mr. Patel alleged breach of contract, claiming Huntington Bank breached its implied duty of good faith and duty to use ordinary care. In count two of the complaint, Mr. Patel sought a declaratory judgment that he is entitled to payment due to Huntington Bank's breach.[2]

{¶3} The facts set forth in the trial record are as follows. In February of 2016, without his knowledge, the email address associated with Mr. Patel's Huntington Bank accounts were changed, and from that point forward, Mr. Patel received no online statements from Huntington Bank through email. The previous email address associated with the accounts, however, still allowed Mr. Patel to access his statements online. Huntington Bank claims that Mr. Patel was notified of the changed email address by SMS text message. Mr. Patel claims he has no record of ever receiving that text notification.

{¶4} In a series of transactions spanning over approximately six months, funds were transferred from Mr. Patel's savings account, first into his checking account with Huntington Bank, and then from Mr. Patel's checking account into the accounts at Wells Fargo and Capital One. Harry Ferraro and James Nguyen are the names associated with accounts owned at Wells Fargo and Capital One Bank. Each transaction moving funds from savings to checking was for $5,000, and each transaction transferring funds from Mr. Patel's checking to the Wells Fargo and Capital One Bank accounts was for a sum

---

1. Mr. Patel filed a complaint on September 25, 2018, for negligence, breach of implied contract, and unjust enrichment. The complaint was derived from the same set of facts as the instant case. *Patel v. Huntington Banc Shares Financial Corporation, et al.*, Lake C.P. No. 21CV001299 (Mar. 6, 2023). Mr. Patel voluntarily dismissed that case and then filed for breach of contract and declaratory judgment against Huntington Bank on November 1, 2021. Summary judgment for Huntington Bank was granted in that case, which is the basis of this appeal.

2. The accounts accessed were initially owned by FirstMerit Bank, however, FirstMerit Bank merged with Huntington Bank after the unauthorized transfers took place.

Case No. 2023-L-036

slightly less than $5,000. The first unauthorized transaction took place on March 3, 2016, and the last on September 28, 2016. Over the course of 11 transactions, $54,614.00 was transferred from Mr. Patel's accounts into the accounts owned by Mr. Ferraro and Mr. Nguyen.

{¶5} Mr. Patel monitored the activity of his accounts approximately once every six months due to their limited business purpose. Thus, he did not discover the unauthorized transfers until he made an impromptu check of the accounts online on September 28, 2016. Mr. Patel reported the unauthorized transfers to Huntington Bank the same day.

{¶6} Huntington Bank investigated the unauthorized transactions upon Mr. Patel's report of the activity. The investigation concluded four and a half months later with a letter addressed to Mr. Patel, dated January 31, 2017. The letter explained that none of the payments would be reversed because Mr. Patel reported the transactions outside of the 60-day window required under the Electronic Fund Transfer Act ("EFTA"), and outside of the 14-day required reporting period under Huntington Bank's Deposit Accounts Terms and Conditions & Arbitration Provision Agreement ("Account Agreement"). Further, the letter explained that Huntington Bank had deemed the transactions authorized.

{¶7} Mr. Patel's action for breach of contract against Huntington Bank is based on the implied duty of good faith in all contracts and the duty of good faith and ordinary care articulated in Huntington Bank's Account Agreement. Mr. Patel claims that Huntington Bank failed to meet those contractual obligations when it neglected to alert Mr. Patel of the unusual activity on his account. Mr. Patel's complaint also sought a declaratory judgment from the trial court as to whether the Account Agreement is

3

enforceable and whether he is entitled to reimbursement for his funds lost. Huntington Bank filed a motion for summary judgment claiming that Mr. Patel failed to set forth specific facts creating a genuine issue of material fact regarding Huntington Bank's failure to exercise good faith and ordinary care. Huntington Bank also argued in their brief that Mr. Patel's claims are barred by the reporting limitations under the EFTA and additional time limitations set forth by the Account Agreement. It should be noted that in his brief, Mr. Patel argues that his claim is for recovery under breach of contract principles and not under the standards set forth by the EFTA. Therefore, although Mr. Patel concedes he reported the unauthorized transactions to Huntington Bank outside of the EFTA 60-day window for reporting, he is not precluded from bringing a claim for breach of contract.

{¶8} The Lake County Court of Common Pleas granted summary judgment in favor of Huntington Bank in an order filed March 6, 2023. The trial court based its decision in part on the fact that Mr. Patel did not meet his reporting obligations under the Account Agreement, or the EFTA, because he did not report the unauthorized transactions until six months after the first transaction took place. Additionally, the trial court determined that an expert opinion is needed to determine whether Huntington Bank breached its duty of good faith and ordinary care.

{¶9} Appellant raises one assignment of error: "The trial court erred in granting summary judgment by finding that Plaintiff-Appellant failed to set forth specific facts creating genuine issues of material facts that Defendant-Appellee Huntington Bank failed to exercise ordinary care and act in good faith."

4

{¶10} An appellate court reviews a trial court's decision to grant summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶11} "Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Holik v. Richards*, 11th Dist. Ashtabula No. 2005-A-0006, 2006-Ohio-2644, ¶12, 662 N.E., citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. "In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the nonmoving party." *Id.* citing Civ.R. 56(C).

{¶12} Breach of contract is shown when a party can prove existence of a binding contract or agreement, that the non-breaching party performed its contractual obligations, the breaching party failed to fulfill its contractual obligations without excuse, and that the non-breaching party suffered damages as a result. *Utz v. Stovall*, 11th Dist. Portage No. 2012-P-0135, 2013-Ohio-4299, ¶ 28.

{¶13} Appellant bases his breach of contract claim on the implied duty of good faith in all contracts, and on the "duty to care for your account" and "ordinary care" language contained within Huntington Bank Account Agreement which states:

> The Bank will meet its duty to care for your account, provided it exercises ordinary care in the transaction at issue. When the Bank takes an item for processing by automated means, "ordinary care" does not require that the Bank examine the Item. "Ordinary care" requires only that the Bank follow standards that do not vary unreasonably from the general standards followed by similarly situated banks.

5

**{¶14}** A definition of ordinary care in the banking context is also articulated in R.C. 1303.01(A)(11) which provides:

> "Ordinary care" in the case of a person engaged in business means observance of the reasonable commercial standards that are prevailing in the area in which the person is located with respect to the business in which the person is engaged. In the case of a bank that takes an instrument for processing for collection or payment by automated means, reasonable commercial standards do not require the bank to examine the instrument if the failure to examine does not violate the bank's prescribed procedures, and the bank's procedures do not vary unreasonably from general banking usage not disapproved by this chapter or Chapter 1304. of the Revised Code.

**{¶15}** R.C. 1303.01(A)(6) explains that "good faith" has the same meaning as in section 1301.201 which provides:

> "Good faith," except as otherwise provided in Chapter 1305. of the Revised code, means honesty in fact and the observance of reasonable commercial standards of fair dealing.

**{¶16}** Mr. Patel argues that the Account Agreement between he and Huntington Bank constitutes a binding and enforceable contract. One provision within the Account Agreement requires that Mr. Patel, as the account owner, to regularly examine each statement and promptly notify Huntington Bank of unauthorized transfers within 14 days of making the statement available. Mr. Patel admits that he reported the unauthorized transfers outside of this window. Mr. Patel further acknowledges that he was at all times able to access his online account statements using his original email address, even after his statements were rerouted to a different email address. Mr. Patel explained in his brief that he discovered the unauthorized transfers by accessing his online statement through his account online, using his original email address associated with the accounts.

6

Case No. 2023-L-036

{¶17}  Mr. Patel did not provide evidence to support the claim that Huntington Bank breached their obligation pursuant to the Account Agreement to "follow standards that do not vary unreasonably from the general standards followed by similarly situated banks." The monitoring practices and safeguarding techniques employed by the banking industry are not generally known to the average lay person. Mr. Patel provided no expert testimony or any other evidence to demonstrate what the standards of similarly situated banks are, and how Huntington Bank strayed from those standards.

{¶18}  For these reasons, the trial court's grant of summary judgment was appropriate, and the judgment of the Lake County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.