[Cite as *Egert v. Singh Bros. L.L.C.*, 2017-Ohio-4017.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Douglas J. Egert

Court of Appeals No. L-16-1160

Appellant

Trial Court No. CI0201403197

v.

Singh Brothers, LLC, et al.

Defendants

[American Family Insurance
Company, Third-Party
Defendant-Appellee]

**DECISION AND JUDGMENT**

Decided: May 26, 2017

* * * * *

Kenneth J. Sophie, Jr. and Robert B. Thompson, for appellant.

Mark S. Maddox, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a May 2, 2016 summary judgment ruling of the Lucas

County Court of Common Pleas, granting summary judgment to third-party appellee,

American Family Insurance Company ("American Family") in connection to a liability coverage dispute arising from a September 23, 2013 motor vehicle accident. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Douglas J. Egert, sets forth the following assignment of error on appeal:

> [T]he plaintiff-appellant, Douglas Egert, contends that the trial court erred in finding that the definition of an "insured person" in the American Family "Ohio Changes" endorsement does not amount to an invalid escape clause and that the endorsement is not impermissibly ambiguous.

{¶ 3} The following facts are relevant to this appeal. On September 23, 2013, Kulwinder Singh ("Singh") was driving a motor vehicle owned by his brother, Bittu Multani ("Multani"). Singh possessed applicable insurance coverage via a policy issued to him by 21st Century Insurance Company ("21st Century'). In addition, Multani possessed an insurance policy issued to him by American Family.

{¶ 4} On September 23, 2013, while driving Multani's vehicle, Singh abruptly turned into the path of an oncoming motorcycle operated by appellant. A collision ensued in which appellant sustained injuries.

{¶ 5} Subsequently, a consent judgment in the amount of $150,000 was obtained against Singh's insurer, 21st Century. Accordingly, 21st Century remitted the policy liability limit of $50,000 to appellant.

2.

{¶ 6} Faced with potential personal liability of the $100,000 portion of the judgment in excess of the policy limits, Singh filed a third-party complaint against Multani's insurer, American Family, alleging additional liability coverage for the underlying accident through Multani's American Family policy.

{¶ 7} The American Family policy issued to Multani, through which Singh sought additional liability coverage for the accident, defines "insured persons" as, "a. [Y]ou or a relative and b. [A]ny person using your insured car who is not an insured for vehicle liability coverage by any other insurance policy, a self-insurance program, or a liability bond while using such a car."

{¶ 8} The policy further defines a "relative" in relevant part as, "[A] person living in your household, related to you by blood, marriage or adoption."

{¶ 9} The record reflects that at the time of the accident Singh was an insured for vehicle liability coverage purposes via the policy issued to Singh by 21st Century. The record also reflects that at the time of the 2013 accident Singh had lived separately, in a different household from Multani, since 2009.

{¶ 10} Given these facts, as applied to the relevant policy provisions, American Family denied liability coverage to Singh, pursuant to American Family's policy issued to Singh's brother, Multani, based upon a determination that Singh did not qualify as an insured of that policy.

{¶ 11} Subsequent to the denial of additional liability coverage by American Family for the subject motor vehicle accident, litigation among the parties ensued.

3.

Ultimately, American Family filed for summary judgment against Singh on the coverage dispute.

{¶ 12} American Family argued in support of summary judgment that because Singh possessed his own liability insurance policy and he lived in a separate household from Multani, there was no conceivable set of circumstances from which Singh could be construed as an insured given the express language set forth in the definitions contained in the American Family policy.

{¶ 13} Conversely, appellant asserted that the definition of an insured person in the American family policy should be construed as an invalid escape clause based upon a claimed conflict with an "other insurance" clause in Singh's 21st Century policy.

{¶ 14} On May 2, 2016, the trial court granted summary judgment to American Family. The summary judgment ruling clearly held in relevant part, "[T]he American family policy does not contain an escape clause, but rather Singh does not meet the definition of an 'insured person' in the first place. Therefore, the clauses are not in conflict, Singh is covered under his 21st Century policy, and the American Family policy provides no coverage."

{¶ 15} In addition to the plain language of the applicable policy provisions reflecting that the American Family policy does not provide additional liability coverage under the facts of this case, the trial court found further support for that determination in the prior decision of this court set forth in *Engler v. Stafford*, 6th Dist. Lucas No. L-06-1257, 2007-Ohio-2256. *Engler* similarly entailed a factual scenario in which a party was

4.

injured in a motor vehicle accident in which the driver of the other vehicle lacked adequate insurance coverage to cover the resulting damages. The injured party, a minor, was insured through his parents' motor vehicle insurance policy. Just as in this case, the driver who caused the accident was driving a motor vehicle owned by another. Just as in this case, the injured party attempted to claim additional coverage through the policy issued to the owner of the vehicle for an accident caused by one who was not the owner or an "insured" under the owner's policy.

{¶ 16} In determining that no additional coverage was provided to the non-owner, non-insured by the owner's policy, the *Engler* court found in pertinent part, "Because Engler was not an insured under the Grange policy, he was not entitled to * * * coverage under that policy, and the other insurance language of the Citizens policy was never triggered. As a result, the Citizens coverage never converted from primary to excess insurance. Citizens, per the terms of its own policy, remained the primary insurer for Engler's loss." *Engler* at ¶ 49. *Engler* also rejected the appellant's attempts to transform the language regarding who was an "insured" into an otherwise impermissible "escape clause." *Id*. at ¶ 45-49. Similarly, in the instant case, the "other insurance" language of the 21st Century policy was not triggered, so as to arguably furnish coverage, because Singh did not qualify as an "insured" under the express language of the American Family policy.

{¶ 17} In the sole assignment of error, appellant contends that the trial court erred in granting summary judgment to American Family. In support, appellant contends that

5.

the trial court incorrectly concluded that the definition of an "insured person" in the American Family policy is not ambiguous so as to arguably be construed as constituting an invalid escape clause. We do not concur.

{¶ 18} It is well-established that an appellate court reviews the trial court's granting of summary judgment de novo, applying the same standard as utilized by the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 572 N.E.2d 198 (9th Dist. 1989). Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

{¶ 19} As applied to the instant case, the record clearly reflects that on September 23, 2013, Singh was driving a motor vehicle owned by his brother, Multani, when he caused the subject motor vehicle accident. The record clearly reflects that Singh possessed an applicable insurance liability coverage policy issued by 21st Century at the time of the accident. The record clearly reflects that Singh and Multani lived in separate households at the time of the accident.

{¶ 20} In conjunction with the above, the record reflects that the American Family policy issued to Multani, through which additional liability coverage was sought in this matter, clearly defined an "insured" so as to exclude anyone insured for vehicle liability coverage by any other insurance policy and it further clearly defined a "relative" so as to exclude anyone not living in the household of the named insured. As such, Singh is not

6.

an "insured" of the American Family policy. Similar to *Engler*, the instant case does not involve an escape clause.

{¶ 21} Accordingly, analogous to our holding in *Engler*, we find that the record establishes that the "other insurance" provision of the 21st Century policy was not triggered in this case, as would be required to conceivably find additional liability coverage applicable in this case through the American Family policy.

{¶ 22} Because Singh is not an "insured" of Multani's American Family policy, reasonable minds can only conclude that American Family is entitled to judgment as a matter of law.

{¶ 23} Based upon the foregoing, we find appellant's assignment of error to be not well-taken. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                _____

JUDGE

Thomas J. Osowik, J.        

Christine E. Mayle, J.        _____
CONCUR.

JUDGE

_____

JUDGE

7.